## COPELIN v. INSURANCE COMPANY.

1. If a party assuring a vessel which has been sunk, gives notice that he abandons her, as for a total loss, when by the terms of the policy he has no right so to abandon, the company, even if not accepting the abandonment, will nevertheless make itself liable as for a total loss, if taking possession of the vessel under the provisions of the policy, for the purpose of raising, repairing, and returning her, they do not raise, repair, and return in a reasonable time. Holding the vessel for an unreasonable time is a constructive acceptance of the abandonment.

* Cannan v. Meaburn, 8 Moore, 141.

2. This is so, notwithstanding there is a provision in the policy that the acts of the insurers, in preserving, securing, or saving the property insured, in case of danger or disaster, should not be considered or held an acceptance of abandonment. The provision refers only to authorized acts.

3. When a court below makes a special finding, this court will not go into an examination of the evidence on which it was founded to ascertain whether or not it was right. The finding is equivalent to a special verdict.

ERROR to the Circuit Court for the District of Missouri, in which court Copelin brought suit against the Phœnix Insurance Company, on a policy of insurance for $5000 on the steamer Benton, valued in the policy at $45,000. The policy contained these stipulations:

" In case of loss, the party insured shall use every practicable effort for the safeguard and recovery of said steamboat, and if recovered cause the same to be forthwith repaired; and in case of neglect or refusal, on the part of the assured, to adopt prompt and efficient measures for the safeguard and recovery thereof, then the insurers are hereby authorized to interpose and recover the said steamboat, and cause the same to be repaired for account of the assured, to the charges of which the said insurance company will contribute in proportion as the sum herein assured bears to the agreed value in this policy. The acts of the assured or assurers, or of their joint or respective agents, in preserving, securing, or saving the property insured in case of danger or disaster, shall not be considered or held to be a waiver or acceptance of abandonment."

The cause having been submitted to the court without a jury, the court found that the boat insured struck a snag, and sunk in the Missouri River, November 3d, 1865, and that the injury was caused by one of the perils against which the company had insured; that though the plaintiff had no right to abandon for a total loss, he gave notice that he did so abandon; but the defendants did not accept such abandonment; that they did, however, under the provisions of the policy, take possession of the vessel for the purpose of raising and repairing her, and returning her to the plaintiff; that accordingly they raised the boat, proceeded to

repair her, and tendered her to the plaintiff, at the home port, on the 9th of May, 1866, more than six months after she had been injured. It was further found, that the repairs and tender were not made within a reasonable time; that had the boat been tendered earlier in the season, so as to be used for the spring trade on the river, she would have been worth $5000 more to the plaintiff; that when she was tendered to him, the repairs made were not sufficient to indemnify him for the injury the boat had sustained; that it would have required an expenditure of $5000 more to have made the additional repairs necessary to complete the indemnity; and that the plaintiff refused to receive the boat when she was tendered to him, but did not point out the deficiencies in the repairs. It was still further found that the expense of raising and repairing the boat, actually incurred by the defendants, was $12,150.62, of which $1763.70 was the cost of the repairs made; that the boat, as tendered to the plaintiff, was worth $12,000, and that when injured she was worth $25,000. Upon the facts thus found, the Circuit Court gave judgment for the plaintiff for the amount named in the policy. And the insurance company brought the case here.

*Mr. J. O. Broadhead, for the Company, plaintiff in error:*

If there was no right to abandon as for a total loss, and no acceptance of abandonment, the question becomes simply one of damages under the policy. The vessel, when tendered to the owner, was worth $12,000. It would have taken $5000 to put her in complete repair,—that is to say, to make her as good as she was before she received an injury. This would make $17,000. But the underwriters paid $12,150.62, the expense of raising and repairing the vessel; and if they are now, by the judgment of the court, required to pay, in addition, the amount of the policy, $5000, with interest, they pay over $17,000 to the owner; in other words, they pay more than a total loss; so that, although there was no right to abandon, and no abandonment accepted, and no total loss, the insurer is held liable for a total loss.

It is provided by the terms of the policy that the acts of the assurer or assurers, or their agents, in preserving, securing, or saving the property insured, in case of damage or disaster, shall not be considered or held to be a waiver or acceptance of abandonment.

The expenses for raising and repairing the boat, $12,150, were paid out by the underwriters, under the policy, in attempting to rescue the boat, " to' the charges of which the insurance company is only bound to contribute in proportion as the sum assured bears to the agreed value in the policy,"—that is, as $5000 is to $45,000, or one-ninth part of those expenses,—the balance, of course, to be paid by the boat; and the insurance company may make the expenses in rescuing the boat for account of the assured. One-ninth of $12,150 is $1350, leaving $10,800 due by the assured. If from this is deducted $5000, the amount necessary to put the boat into complete repair, there remains $5800 due, which is more than the amount of the policy, if there was no abandonment, no total loss.

The judgment below proceeds on an idea, that although there was no total loss, yet the insurance company has rendered itself liable for a total loss; in other words, that there was a constructive total loss; but how can it be said that there is a constructive total loss when there is no right to abandon, no acceptance of abandonment, and of course no abandonment?

If the assurer has failed, after saving the boat, to put her in complete repair, the most that can be said is that he has failed to make good the loss to the assured, and that is all the contract requires the assurer to do.

[The learned counsel then went into an examination of the evidence on which the court below made its finding, to show that it was the fault of the assured that the boat was not repaired and tendered to him in a reasonable time.]

*Messrs. Glover, Shepley, and Rankin, contra.*

Mr. Justice STRONG delivered the opinion of the court.

Nothing in this record requires us to look beyond the

special finding of the facts made by the court, or to do more than determine whether, upon the facts found, the plaintiff below was entitled to the judgment given.

As the sum insured by the policy was not greater than the sum required to make the additional repairs necessary to indemnify the plaintiff, it is difficult to perceive why, in any aspect of the case, he was not entitled to the judgment given. The defendants complain, however, that they have been held liable as for a constructive loss, when there was no right to abandon, and when the abandonment of which the plaintiff gave notice was not accepted. Doubtless had the defendants taken possession of the boat, as they were authorized to do, by the provisions of the policy, and had they raised, completely repaired, and returned her to the plaintiff in a reasonable time, they could not have been held liable for a total loss. It is an established fact that there was no right to abandon when they did take possession of the vessel. And it was expressly stipulated in the policy, that the acts of the assured, or insurers, or of their joint or respective agents, in preserving, securing, or saving the property insured, in case of danger, or disaster, should not be considered, or held to be, a waiver or acceptance of an abandonment. It is well settled, however, that an offered abandonment may be accepted, even when the assured has no right to abandon, and, if accepted, it must be with its consequences. And an acceptance need not be expressly made. It may even be refused, and yet the insurers, by their conduct, may make themselves liable as for a total loss. Though, by the terms of the policy, these defendants had a right to take possession of the boat, and repair her for account of the plaintiff, yet this was a privilege accorded to them only, that they might thus make indemnity for the loss. Taking possession to make partial repairs, not amounting to indemnity, was not contemplated by the contract. It was not authorized. Nor did the contract warrant taking possession of the boat, and holding her for an unreasonable time. The insurers were bound to repair and return without unnecessary delay. In holding longer than was neces-

sary for making repairs, they must be regarded as acting, not as insurers, but as owners, for they had no other authority than that of owners for their failure to return within a reasonable time. Their action was, therefore, a substantial recognition and acceptance of the abandonment of which they had been notified, for in no other way had they become owners. On no other theory can this delay be considered lawful. It is true the policy stipulated that the acts of the insurers in preserving, securing, or saving the property insured in case of danger, or disaster, should not be considered or held an acceptance of abandonment, but this manifestly refers only to authorized acts. Retaining possession of the boat an unreasonable time, and then offering to return her unrepaired, were not authorized acts, and consequently they are unaffected by the stipulation. They must therefore be regarded as constructive acceptance of an abandonment. This is a principle asserted and well sustained by the authorities. In *Peele* v. *The Suffolk Insurance Company*,* where the jury had found that the underwriters, who had taken possession of the stranded vessel, had not offered to restore her in a reasonable time, the court said, " The underwriter has his duties as well as his rights. If he take the vessel into his possession to repair her, he must do it as expeditiously as possible, in order that the voyage, if not completed, may not be destroyed. If he delay the repairs beyond a reasonable time, he forfeits his right to return the ship, and must be considered as taking her to himself under the offer to abandon." The principle, said the court, rests upon the very nature of the law of insurance, which is a fair and honest indemnity for loss. The same doctrine was asserted in *Reynolds* v. *The Ocean Insurance Company*,† and it was also held that the underwriter's duty and liability in such a case, are not varied by a clause in the policy of insurance, stipulating " that the acts of the assurers in recovering, saving, and preserving the property insured in case of disaster, shall not be considered an acceptance of an abandonment." Such also was the ruling in a case between the same parties,‡ and

---

* 7 Pickering, 254.       † 1 Metcalf, 160.       ‡ 22 Pickering, 191.

in *Norton* v. *The Lexington Fire, Life, and Marine Insurance Company.** It is in our judgment sustained by sound reason.

The plaintiffs in error, however, insist that the doctrine cannot be applied to the present case, because the court below found there was no right, under the facts shown on the part of the plaintiff, to abandon for a total loss, although he gave notice that he did so abandon, and that there was no acceptance by the insurers of such an abandonment. But this must be considered in connection with the other facts found. It is equally a fact in the case, that the defendants took possession of the boat, repaired her very insufficiently, and after having held her an unreasonable time, offered to return her. The legal effect of this we have seen. Taking these facts together, the finding that the defendants did not accept the abandonment which the plaintiff offered at a time when he had no right to abandon, means no more than that there was no express or avowed acceptance. This is quite consistent with the judgment, that by their failure to return the boat within a reasonable time, they made themselves liable to pay the full amount of the policy.

We cannot follow the plaintiffs in error into an examination of the evidence, in order to inquire whether it was not the fault of the assured that the boat was not repaired and tendered to him in a reasonable time. Our judgment is necessarily founded exclusively upon the finding of facts by the court. That is equivalent to a special verdict, and upon that we think the plaintiff below was entitled to the judgment which he obtained.

JUDGMENT AFFIRMED.

---

* 16 Illinois, 235.