### MARSTON et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1896.)

No. 262.

1. CONSULS—FEES—REV. ST. § 2687.
 A United States consul, who is entitled to retain fees collected by him during any year, up to a fixed limit, and who is removed from office during the course of a fiscal year, is not entitled to retain all the fees then collected, up to such limit, but, under Rev. St. § 2687, only such part of the total annual allowance as is proportioned to the part of the fiscal year during which he has held office.

2. SAME.
 One M. was consul at Malaga, and had supervision of a consular agent at Almeria, whose compensation was limited to $1,000 per annum, out of the fees collected by him. Between the commencement of a fiscal year on July 1, 1890, and October 26, 1890, when M. was removed from office, the consular agent collected $1,665, out of which he retained $1,000, and remitted $665 to M. The consular agent remained in office through the whole year, and earned his full salary. *Held*, that M. was entitled to a pro rata share, for the time between July 1st and October 26th, of his annual compensation out of the fees, which was limited to $1,000,—such share amounting to $322.22,—and was accountable to the government for the residue of the sum received from the consular agent, with interest from the time he actually received a demand therefor from the government.

Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

This was an action by the United States against Henry C. Marston and others, who were sureties upon his official bond as consul at Malaga. Having been in the consular service before, at Mauritius, he was transferred to Malaga in 1880, and remained in charge there until the 26th day of October, 1890, when he was removed by the appointment of a successor. As consul at Malaga, he had supervision and was entitled to compensation for superintending the collections of consular fees at Almeria and Marbella, and the present dispute is over the sum of $1,665, collected at Almeria after June 30, 1890, and before October 27th of that year. By written stipulation the case was tried by the court without the aid of a jury, and on June 29, 1895, the following opinion and findings were entered (SEAMAN, District Judge):

I have had no time to formulate an opinion, although I have examined the case, and am fairly satisfied of what should be the conclusion. The only question is whether the year should be prorated in monthly periods in the case of the fees and of the commissions of the consul for the purposes of a limitation to one thousand dollars in each class; and the only question I have thought it necessary to consider was the construction to be placed upon the statute (section 2687, Rev. St.) which is cited as applicable to all officers of the government, and declares a pro rata division of the year. I find it was decided originally, in two or three of the early cases, that the fees were not to be so divided, but that an officer who was entitled to fees up to a certain amount per annum would be entitled to hold all such fees as he had received, provided they did not reach the maximum allowed. Those cases were all prior to the statute of 1846. The statute of 1846 (which was the commencement of the present system, as I understand it) was held by Mr. Justice Clifford, in U. S. v. Wendell, 2 Cliff. 340, Fed Cas. No. 16,666, to make a change in that respect, and he held thereafter the rule of pro rata division of the year must prevail for ascertaining the compensation to be paid. In 5 Lawrence, Compt. Dec. 100 (In re Collin's Appeal), there is a very clear review of these authorities; and I am satisfied that the opinion therein expressed is right, that this statute governed, and that the fees are to the office, and not the officer. Therefore Mr. Marston was not entitled to retain the fees, except for the pro rata share of the year in which they were received and earned, although the record clearly shows that ninety per cent. of the entire fees for the year were actually earned and collected within the short period covered by his incumbency, and the findings may so show. Upon the question suggested, whether it appears that the government is damnified or not, I feel entirely clear that the requirement here is that the officer shall account to the treasury for fees received, retaining simply such amounts as are allowed to him. The action is upon the bond, and his failure to pay over constitutes clear breach of the conditions. It is not necessary for the government to show that it was liable to or must pay over to the successor.

Findings by the court: (1) That all the work, by means of which the government became and was entitled to the sum of $1,665, was actually done by defendant Marston, as consul at Malaga, and his consular agent at Almeria, between July 1 and October 26, 1890, inclusive. (2) That ninety per cent. of all consular and consular agency duties and work in regard to Almeria is, and was since 1880, done within the first ninety days of each fiscal year, and that in the fiscal year in question the total amount of fees earned and collected during the remaining period, from October 27, 1890, until June 30, 1891, inclusive, was $543.50; making in all, for said entire fiscal year, $2,208.50. (3) That defendant Marston settled with his agent at Almeria in full on the basis of said $1,665, as having been collected and earned by them, without regard to any pro rata of time. (4) That the demand for payment by the government was made on Marston and his securities, by letters, August 21, 1891, but that such letters and demand were not received until March 1, 1894. (5) That interest on the claim of the government will be allowed, beginning on March 1, 1894. And as conclusions of law: (1) That the defendant Marston, being consul of the United States at Malaga, received in fees the sum of $1,665, of which he was entitled to retain the sum of $777.50. (2) That the judgment of the court be entered that the defendants pay to the United States the principal sum of $887.50, together with interest thereon at the rate of six per cent. per annum until paid, from March 1, 1894.

W. C. Asay, for plaintiffs in error.

John C. Black, U. S. Dist. Atty.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

There has been discussion before us in respect to items and statements of the account between the principal parties, to which no

reference is made in the finding. The rule that forbids our looking in such cases beyond the facts found by the court has often been declared. Reed v. Stapp, 3 C. C. A. 244, 52 Fed. 641, and 9 U. S. App. 34; Skinner v. Franklin Co., 6 C. C. A. 118, 56 Fed. 783, and 9 U. S. App. 676. Were the question undetermined by the decision in U. S. v. Wendell, cited in the opinion below, we think there could be no doubt that the act of 1846, as embodied in section 2687 of the Revised Statutes, applies to consuls and consular agents. If it be limited to collectors and other officers of the customs, the last clause of the section is made ineffective and meaningless. Under the regulations prescribed by the president in pursuance of the authority conferred by section 1703 of the Revised Statutes, the consular agent at Almeria was "not authorized in any event to retain more than $1,000, in any fiscal year," for his compensation, and for all moneys received by a consul or consul general from consular agents under his supervision in excess of $1,000, in the aggregate, he was required to account to the secretary of the treasury. It is conceded, and, there being no finding to the contrary, it would be presumed, that the consular agent at Almeria remained in office during the entire fiscal year, and became entitled to the full compensation allowed for a year's service. By section 1703 he was required to pay over to his principal "the residue" only; and, it being found that the settlement which he made was on the basis of $1,665 collected, it will be presumed that the amount paid over to Marston was $665, and no more. If he received more, it was by virtue of some agreement with the agent, in which it is not found and does not appear that the government has any interest. If later, and before the end of the fiscal year, the agent at Almeria had gone out of office, a readjustment of his account to that date would have become necessary, in which, besides additional collections, he or his representative would have been required to surrender the unearned part of the sum so retained. Of that amount, not including the additional collections, Marston would have been entitled to a proportionate share, according to the time of his service in that fiscal year. But, having remained in office and having taken his compensation for the entire year, as he had the right to do, out of the fees collected before October 27th, the agent was bound to account for the fees thereafter collected, to Marston's successor, who, as the amount, $543.50, was less than his compensation for the remainder of the year, was entitled to retain for his own use the entire sum. It is to be observed that provision is made for all such contingencies in the accounting of consular officers and agents by a regulation which requires the accounts of each fiscal year to be kept open until the end of the year. Marston being chargeable, upon the facts found, with $665 only, and being entitled to retain $322.22 as compensation for his 3 months and 26 days of service, the judgment should have been for $342.78, with interest at the rate and from the time stated. The judgment rendered is therefore reversed, with direction that judgment be given upon the finding for the plaintiff for $342.78, with interest from March 1, 1894, to the date of entry.