RANDLE v. BARNARD et al.

(Circuit Court of Appeals, Seventh Circuit. July 1, 1897.)

No. 317.

1. PARTNERSHIP—PARTICIPATION IN PROFITS OF LEASED PREMISES—LIABILITY FOR RENT.
    An agreement by a party who loans money to, and becomes surety for, a lessee, stipulating for a share of the profits of the leased property, does not make him liable for unpaid rent, as a partner, though the contract provides that no subletting or assignment shall be made without his consent.

2. REVIEW ON ERROR—TRIAL TO COURT.
    Where there is a special finding of facts, the appellate court will only consider whether, upon such facts, the judgment was correctly rendered.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

Alex. W. Hope, for plaintiff in error.

Geo. W. Taussig, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The question presented in this case is whether the appellee George D. Barnard is liable in assumpsit to the appellant, Charles H. Randle, for rent stipulated in a lease made by the appellant to A. C. Ricksecker, it being alleged that Barnard and Ricksecker were partners in the transaction. Trial by jury was waived, and upon a special finding of facts judgment was given for the defendant. The substance of the finding is as follows: In 1892, Randle was erecting a hotel on Fortieth street, a short distance west of Cottage Grove avenue, in Chicago, and for $100 gave an option for a lease to Ricksecker, who at the time stated that Barnard, a resident of St. Louis, Mo., was interested in the transaction. Later, on the 29th day of October, 1892, at Barnard's office in St. Louis, Randle and Ricksecker entered into a written agreement for a lease, to the effect that Randle should complete the hotel by May 1, 1893, and thereupon lease the same to Ricksecker for a term of 183 days from that date, for a stipulated rent, which Ricksecker agreed to pay in monthly installments in advance. At the same time Ricksecker and Barnard executed to Randle a penal bond in the sum of $5,000, conditioned that Ricksecker should well and truly perform every provision of the agreement and in all things perform and carry out each and all of his undertakings contained therein, a copy of which agreement was attached to the bond, and likewise Randle executed a bond with security to Ricksecker, conditioned that he would faithfully perform the covenants and conditions of the agreement on his part. At the same

time and place Ricksecker and Barnard executed a contract of the tenor following:

"I, A. C. Ricksecker, for and in consideration of Geo. D. Barnard signing a five thousand dollar bond in favor of C. H. Randle, and the advancing of five hundred dollars in money as called for by me, do hereby agree to pay to Geo. D. Barnard, of St. Louis, Missouri, the $500 advanced by him to me, and twenty-five per cent. of all the net profits arising from the leasing of a certain property to be erected on Fortieth street, about three hundred feet west of Cottage Grove avenue, in the city of Chicago, Cook county, and state of Illinois, to be erected by Mr. C. H. Randle, and under contract of lease to the said A. C. Ricksecker, which contract of lease is hereby referred to and made part of this contract. The said A. C. Ricksecker further agrees to pay to the said Geo. D. Barnard fifteen per cent. of the net profits on all other deals to be made by the said A. C. Ricksecker, in the city of Chicago, and which he is enabled to make because of the signing of the aforesaid $5,000 bond and advancement of the $500 in money. The said A. C. Ricksecker hereby agrees to submit all trades or deals made by him to the said Geo. D. Barnard for his approval."

The sum stipulated in that writing to be advanced by Barnard to Ricksecker was advanced. On April 25, 1893, Ricksecker went into possession of the building mentioned in the agreement for a lease, and remained in possession until November 1, 1893. On May 11, 1893, a lease was executed by Randle to Ricksecker, in pursuance of the agreement. A copy of the lease is set out in the finding, but its provisions do not affect the present question. Liability upon the bond executed by Barnard and Ricksecker is not asserted.

We agree with the circuit court that, upon the facts set forth in the finding, Barnard did not become the partner of Ricksecker in the lease of the hotel, and was not on that theory liable for the unpaid rent. The authorities on the subject are numerous, but it is enough to refer to Meehan v. Valentine, 145 U. S. 611, 12 Sup. Ct. 972, for a statement of the principles upon which, ordinarily, the question whether a partnership existed should be determined. An agreement that the lessor of a hotel shall receive a certain portion of the profits thereof by way of rent, it has been held, does not make him a partner with the lessee (Perrine v. Hankinson, 11 N. J. Law, 181; Holmes v. Railroad Corp., 5 Gray, 58; Beecher v. Bush, 45 Mich. 188, 7 N. W. 785); and the result, it is clear, would not be different in such a case if the lessee were forbidden to sublet or assign without the consent of the lessor. On the same principle, one who loans money and becomes surety for a lessee, and stipulates for a return of the money loaned, and for a share of the profits to be made out of the leased property, does not thereby become a partner, unless he allows himself to be so represented or held out to the world. Such is the case before us.

It is not found that Barnard and Ricksecker intended a partnership in the lease of the hotel, nor that Barnard permitted himself to be represented, or was in fact represented, to be a partner. He acquired no right to control the management, or to interfere, by advice or otherwise, in the conduct of the hotel; and if, under the last clause of the contract between him and Ricksecker, it was intended that there should not be a subletting, or an assignment of the lease, without his consent, that was not such control as made him a partner. Much of the brief for the appellant is given to an effort to demonstrate

by the evidence that a partnership was in fact intended, but it is well settled that in a case at law tried by the court, and in which there is a special finding of the facts, this court can consider only whether, upon the facts found, the judgment rendered is right. Jenks' Adm'r v. Stapp, 9 U. S. App. 34, 3 C. C. A. 244, and 52 Fed. 641; Skinner v. Franklin Co., 9 U. S. 676, 6 C. C. A. 118, and 56 Fed. 783; Marston v. U. S., 34 U. S. App. 461, 18 C. C. A. 216, and 71 Fed. 496; Phipps v. Harding, 34 U. S. App. 148, 17 C. C. A. 203, and 70 Fed. 468; Daube v. Iron Co., 46 U. S. App. 591, 23 C. C. A. 420, and 77 Fed. 713. The judgment of the circuit court is affirmed.

SHOWALTER, Circuit Judge (concurring). Randle sued Barnard and Ricksecker in assumpsit to recover a balance of rent reserved on a certain lease. Ricksecker was not served with process, and did not appear. The lease put in evidence was in the ordinary form, and was under seal. Randle was therein named as lessor, and Ricksecker as lessee. Barnard was not a party to the instrument. In law, the leasehold estate in its entirety was vested in Ricksecker. The court did not find that this leasehold estate, or any part of it, had ever been assigned to Barnard; nor is there any finding from which such assignment can be inferred. The matters put forward as indicating a partnership relation between Ricksecker and Barnard do not go to the extent of showing any alienation of the leasehold estate by the one to the other. Moreover, the lease itself provided in express terms against assignment. There was neither privity of estate nor privity of contract between Randle and Barnard,—nothing whatever on which to predicate, as between these two, the relation of landlord and tenant. I think, therefore, the judgment should be affirmed.