# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF SUFFOLK, NOVEMBER TERM 1856, AT BOSTON.

PRESENT :

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. GEORGE T. BIGELOW,  } Justices.
Hon. BENJAMIN F. THOMAS,

---

### Asa Sawyer *vs.* Joseph P. Woodbury.

In an action for several breaches of covenant in a lease of real estate, all of which are denied in the answer, a general verdict and judgment for nominal damages are not of themselves conclusive evidence of one of the breaches, in a subsequent action by the lessee against the lessor, for entering and expelling him from the premises for such breach. But with the addition of proof that the issue upon that covenant was submitted to the jury in the former action, such judgment is conclusive.

Action of tort for breaking and entering the plaintiff's close in East Boston. The case was tried at March term 1855, before *Merrick*, J., and by him reported, after a verdict for the defendant, to the full court, and is fully stated in their opinion.

*J. P. Healy,* for the plaintiff, cited *Eastman* v. *Cooper,* 15 Pick. 276; *Badger* v. *Titcomb,* 15 Pick. 416; *Dutton* v. *Woodman,* 9 Cush. 255; *McDowell* v. *Langdon,* 3 Gray, 513.

*R. Choate & J. W. Hubbard,* for the defendant, cited *Outram* v. *Morewood,* 3 East, 346; *Harvey* v. *Richards,* 2 Gallis. 216; *Howard* v. *Mitchell,* 14 Mass. 243; *Adams* v. *Barnes,* 17 Mass. 368; *Wood* v. *Jackson,* 8 Wend. 9, and cases there cited; *Lawrence* v. *Hunt,* 10 Wend. 83; *Cist* v. *Zeigler,* 16 S. & R. 282; *Marsh* v. *Pier,* 4 Rawle, 288; *Shafer* v. *Stonebraker,* 4 Gill & Johns. 345; *Betts* v. *Starr,* 5 Conn. 550; *Church* v. *Leavenworth,* 4 Day, 281; *Vooght* v. *Winch,* 2 B. & Ald. 662; *Duchess of Kingston's case,* 20 Howell's State Trials, 538; 1 Greenl. Ev. § 531; *Parker* v. *Standish,* 3 Pick. 288; *Badger* v. *Titcomb,* 15 Pick. 416; *Golightly* v. *Jellicoe,* 4 T. R. 147 *note*; *Seddon* v. *Tutop,* 6 T. R. 607; *Smith* v. *Whiting,* 11 Mass. 445; *Jones* v. *Kennedy,* 11 Pick. 125; *Porter* v. *Rummery,* 10 Mass. 64; *Middleton* v. *Quigley,* 7 Halst. 352; *Barnett* v. *Watson,* 1 Wash. (Va.) 372; *Brown* v. *Hillegas,* 2 Hill (S. C.) 447.

SHAW C. J. This is an action of tort, in which the plaintiff alleges his possession of a close at East Boston, a wrongful entry thereupon by the defendant, expelling the plaintiff therefrom, and holding him out to the time of the commencement of the suit.

The plaintiff's claim of title was upon a lease for five years, made to him by the defendant, of a wharf at East Boston, with a patent planing machine upon it, of which the defendant was the patentee, together with a steam engine, boiler and apparatus for carrying on the same.

The defendant, by his answer, admitted the lease by himself to the plaintiff; but averred that there was a stipulation contained in it, on the part of the lessee, that if he should, during the term, make or suffer any strip or waste upon the premises, the lessor should have the right to enter and take possession of the same, and expel the lessee therefrom; and that the lessee did so make and suffer strip and waste of the premises, whereupon the defendant did enter and expel the lessee, as he lawfully might.

The defendant having thus admitted the plaintiff's title, and set up matter of avoidance by the answer, the burden of proof was plainly on him to prove the fact on which his justification rests, namely, that the plaintiff had committed or suffered strip and waste on the premises, and so warranted the defendant's reëntry under the right in that event reserved.

This the defendant offered to do, by giving in evidence a verdict and judgment in his favor in a former suit in another county, in which the present defendant was plaintiff, and the present plaintiff was defendant. It was an action of contract on the same lease hereinbefore mentioned, in which there was a great number of stipulations and covenants on the part of the lessee, upon several of which the lessor, in his former action, had assigned breaches, and for which he claimed damages. In his answer in that suit the defendant therein denied, generally and specifically, all the breaches alleged, and denied that he had committed any breach of the covenants in said lease, but said that he had faithfully and fully performed all his covenants. That case, it appears, went to trial on the issues thus formed, upon which, after a full hearing, the jury returned a verdict for one cent damages for the plaintiff.

The defendant's counsel insisted that the question of the lessee's having made strip and waste being assigned by the plaintiff in the former suit as a breach of covenant, and denied by the defendant, was a fact put in issue; and, there being a general verdict for the plaintiff, this fact was found to be true, it must be deemed in law to be conclusive between the same parties in this suit, and thus the fact, upon which the defendant founds his justification in this suit, is definitively established. The judge before whom this action was tried took this view of the law, and held that that verdict and the judgment thereon were conclusive in favor of the defendant, as proof of the strip and waste on which he relies for his justification in this action This is the point which we are called on to revise.

This decision, we apprehend, carries the doctrine of *res judi cata* somewhat beyond the line warranted by the authorities, and overlooks some of the limitations and modifications with

which that highly beneficial rule is surrounded. It is a principle lying at the foundation of all well conducted jurisprudence, that when a right or a fact has been judicially tried and determined by a court of competent jurisdiction, the judgment thereon, so long as it remains unreversed, shall be conclusive upon the parties, and those in privity with them in law or estate The ground of such principle, we think, when rightly understood, is, that it presents evidence of a fact of so high a nature, that nothing which could be proved by evidence *aliunde* would be sufficient to overcome it; and therefore it would be useless for a party, against whom it can be properly applied, to adduce any such evidence, and accordingly he is estopped or precluded by law from doing so. Such is the character of an estoppel by matter of record, as in case of an issue on a question of fact judicially tried and decided.

But this estoppel is attended with conditions and qualifications which must be strictly observed, without which it would sometimes operate harshly by excluding the truth. It must be an averment of a fact precisely stated on one side and traversed on the other, and found by the jury affirmatively or negatively, in direct terms, and not by way of inference. It is not necessary that the action in which it is found, and that in which it is relied on as an estoppel, should be of the same kind, or for the same cause of action. If a question upon the execution or validity of a deed in fee be put in issue in an action of trespass, and expressly found by the jury, such verdict and the judgment upon it may be relied on as conclusive evidence of such fact, on the trial of a real action or writ of right, between the same parties, for the same estate. It has become a fixed fact between these parties for all purposes.

The principle of this rule, the grounds on which it is founded, with its proper limitations, are very satisfactorily stated in *Outram* v. *Morewood,* 3 East, 346. It was recognized in this commonwealth, though the previous verdict and judgment in that case were not such as to satisfy the rule, that the verdict must be directly on the fact and not by way of inference, in *Davis* v. *Spooner,* 7 Pick. 147.

Sawyer *v.* Woodbury.

Since special pleading has been entirely abolished by statute in this commonwealth, and a general declaration and a general answer substituted, it is rare to find a record where such specific fact has been put in issue and found ; and future cases will become more so. Of course, it will be more difficult for litigant parties to avail themselves of the principle by way of estoppel, because it will be more and more rare to find a case where such plea can be supported by matter of record. But the principle is not lost sight of where, between the same parties or their privies, a case has been tried upon a general issue; if a particular controverted question of fact has been submitted to a jury and a verdict returned embracing it, though not to be pleaded as an estoppel, it is evidence, and under many circumstances very strong evidence upon the same question of fact, when it arises in another suit. So it was held, and the reasons for it assigned, in *Eastman* v. *Cooper*, 15 Pick. 276. And in the same case it was held, that where the fact in controversy, together with many other questions of fact, are within the issue of the case; in a subsequent case, where such finding is relied on, it is competent for the party offering it to go into evidence *aliunde*, to prove that such particular question was actually con tested and submitted to the jury, and the verdict was such as to show that they passed upon it. The same principles are recognized and affirmed in the recent cases of *Dutton* v. *Woodman*, 9 Cush. 255, and *McDowell* v. *Langdon*, 3 Gray, 513.

Taking these to be the settled rules on the subject, the court are of opinion that the ruling of the judge in the present case, that the verdict and judgment in the former case were conclusive evidence for the plaintiff in the present case, cannot be supported. It is true that the question of strip and waste was in issue in the former case, because that breach was assigned, and traversed in the answer, and therefore was in issue, and might have been tried and passed upon. But many other breaches were assigned, having no relation to waste ; and therefore a general verdict for the plaintiff, with nominal damages, left it wholly uncertain, without other evidence, whether the fact was actually submitted to the jury, and passed upon by them,

or not; and we think the evidence offered by the plaintiff, to prove that it was not, should have been received, though the burden of proof was on the defendant. Many of the breaches assigned in the former suit were wholly independent of the use of the premises, or of the machines, engines and boilers; such as failing to recommend the plaintiff's patent right to the favorable notice of purchasers; not doing all in his power to bring the Woodbury patent machines into notice and good repute; refusing to exhibit the same to those who called to see the machine operate; slandering the plaintiff's patent right, and the like. Upon any of these, the verdict for the plaintiff for nominal damages might have been given.

The court are therefore of opinion that the ruling of the judge, that the evidence in question was conclusive, was incorrect.

*New trial ordered.*

A new trial was had at March term 1857, before *Merrick, J.,* at which the plaintiff admitted that the issue upon the covenant against strip and waste was one of the questions litigated by the parties upon the trial of the former action, and that some evidence was introduced by the plaintiff and defendant in proof and disproof of the allegation of strip and waste, and also evidence of the other breaches alleged in the declaration in that case.

The judge ruled that the judgment in the former action, together with the facts now admitted by this plaintiff, were a bar to this action. A verdict was returned for the defendant, and the plaintiff alleged exceptions, which were argued at March term 1858, and *Overruled.*