MAHLON PITNEY, ORDINARY.

EDWIN ROBERT WALKER, VICE-ORDINARY.

VIRGINIA M. WOOLSEY, respondent,

*v.*

FRANK WOOLSEY and JAMES P. NORTHROP, surviving executors, &c., of Charles A. Woolsey, deceased, and Eugene Woolsey, appellants.

[Decided June 6th, 1910.]

1. Decrees of the orphans court, in the exercise of its statutory jurisdiction over matters of accounting and distribution, are as conclusive as are decrees of a court of chancery.

2. Where a decree was rendered settling the accounts of executors and trustees under a will, at a time when the interests of certain contingent remaindermen had not arisen because of the non-occurrence of the event on which their interests were to vest, such remaindermen were held to have been represented by the executors who were likewise their trustees, and hence were concluded by the decree.

On appeal from a decree of the Hudson county orphans court.

*Mr. Charles L. Garrick, Mr. Maximilian T. Rosenberg* and *Mr. Robert H. McCarter,* for the appellants.

*Mr. Richard V. Lindabury,* for the respondent.

PITNEY, ORDINARY.

This was a suit in the orphans court brought by Virginia M. Woolsey against the surviving executors of Charles A. Woolsey, deceased, under *P. L. 1898 p. 787 § 192,* for the recovery of a balance of $8,000 and interest, claimed to be due to her out of a legacy of $10,000 given to her by the will of said deceased. Her petition contains the necessary averments to show her right to recover the amount claimed, among other things, setting forth that the executors have filed their final account, that they have sufficient assets in hand to pay the balance due upon her legacy without prejudice to the rights of other persons interested under the will; that payment of the legacy has been demanded and proper refunding bond tendered, &c. The answer of the executors denies that any balance is due to the petitioner upon her legacy, averring that they have paid to her all of the legacy and a sum largely in excess of it. The answer further avers that the residuary estate of the testator has become vested in Eugene Woolsey, Kitty May Wadsworth and Frank Woolsey, and that the balance in the hands of the executors, after paying the commissions and expenses of administering the trust, rightfully belongs to these parties; further showing that Eugene Woolsey and Kitty May Wadsworth have not been made parties to the proceeding.

At the hearing in the orphans court, counsel appeared for Eugene Woolsey and asked to have him admitted as a party. This

application was in effect refused, upon the authority of *Davison v. Rake, 45 N. J. Eq. (18 Stew.) 767.*

The orphans court found in favor of the petitioner, and ordered the executors to pay to her the sum of $8,000 with interest.

An appeal was taken to this court by the executors, and a separate appeal by Eugene Woolsey. Answers having been filed to both petitions of appeal, Eugene Woolsey will be treated (as his counsel contends he should be) as being properly a party to the cause in this court.

Charles A. Woolsey, the testator, died July 4th, 1895, leaving a will dated June 14th, 1894, which was admitted to probate, and letters testamentary thereon issued to Frank Woolsey, Robert A. Simpson and James P. Northrop, the executors therein named, who took upon themselves the burthen of the execution of the will. Simpson died in the month of January, 1903, since which time the other two executors have continued to act and still are acting.

The will, after providing for the payment of debts, gave to testator's sister, Sarah A. Newell, a legacy of $5,000, and to the present petitioner and respondent, Virginia M. Woolsey, a daughter-in-law of the testator, the sum of $10,000. It also gave household goods, pictures, ornaments and furniture to Alice Woolsey, daughter of testator, and jewelry and articles of personal adornment to Herbert W. Woolsey, his grandson. Next there was a general devise and bequest of the rest, residue and remainder of the estate to the executors in trust for the following uses and purposes—*first,* to set apart and invest $20,000 and pay the income therefrom to testator's daughter, Alice Woolsey, during her natural life, and at her death to dispose of the principal as therein provided; *second,* out of the income from the remaining portion of the estate to pay to the daughter, Alice, $1,000 per year; to the daughter-in-law, Virginia M. Woolsey, $2,000 per year (such payments to be made to them respectively until terminated as hereinafter provided), and to pay and apply for the use of the grandson, Herbert, during his minority, not exceeding $1,000 per year; *third,* in the event of Herbert reaching the age of twenty-one years, and of Alice being then unmarried and without issue, the further sum of $20,000, to be

added to the like sum theretofore set apart for Alice, and to be held in trust and the income derived therefrom to be applied to her use and benefit during her life; the remaining portion of the estate of every kind to go to Herbert; *fourth,* if, at the time Herbert should reach the age of twenty-one, Alice should be married and have a child or children living, the estate (including the sum of $20,000 set apart for Alice at the testator's death) to be equally divided between her and Herbert, the share of Alice to be held in trust during her life, and at her death the principal sum to be paid over to her children then living; *fifth,* in case of the death of Alice without issue, then all the estate held in trust for her, and all other portions of said estate to become the property of the grandson Herbert; * * *

"(8) In case of the death of said Herbert and Alice before the division herein provided for, and without one or each of them leaving lawful issue, and no directions for such contingencies being herein specifically set forth, then such share or shares shall be divided in the same manner as though I had died intestate, a resident of the State of New Jersey, upon the day and date of this instrument."

The appellants admit that prior to the commencement of the present suit by Virginia M. Woolsey, the executors had filed their final account in the Hudson orphans court, and that this account had been restated in accordance with a decree of the court of errors and appeals, with the result of showing a balance in the hands of the executors amply sufficient to pay the $8,000 and interest claimed by Mrs. Woolsey; but payment is disputed on the ground that the legacy has already been paid.

The transactions upon which the claim of payment is rested have already been the subject of litigation between Mrs. Woolsey and the executors, first upon exceptions taken by her and by Alice Woolsey to their final accounts as originally stated; *Woolsey's Case, 67 N. J. Eq. (1 Robb.) 574; S. C. on appeal, 68 N. J. Eq. (2 Robb.) 763;* and afterwards in a chancery suit brought by the executors against Virginia and Alice seeking to restrain the enforcement of a decree of the orphans court that was entered in compliance with the decision of the court of errors and appeals in the case just alluded to. *Woolsey v. Woolsey, 71 N. J. Eq. (1 Buch.) 609; S. C. on appeal, 72 N. J. Eq. (2 Buch.)*

*898.* The proceedings and decrees in both these litigations were introduced in evidence in the present case.

In their original statement of the final account, the executors prayed allowance (among other things) for $14,832.82, being the amount of sundry payments made to Virginia Woolsey on account of her annuity. Upon exceptions taken, this item, with others, was disallowed. Upon appeal, first to this court (*67 N. J. Eq. (1 Robb.) 574*) and afterwards to the court of errors and appeals (*68 N. J. Eq. (2 Robb.) 763*), the final decision was against the executors; the court of last resort holding that since the payments in question had been made as payments on account of the annuities provided in the will, and since, if these payments were allowed as claimed by the executors, the assets in their hands would fall short of meeting the amounts required for the legacies to Mrs. Newell and to Virginia M. Woolsey, and nothing would be left to make up the trust fund of $20,000 for Alice Woolsey, the executors were not entitled to the allowance asked for by them; the court, by Mr. Justice Swayze, saying: "The testator was careful to distinguish between the legacies and the trust fund on the one hand, and the annuities on the other. The legacies and the trust fund were to be first provided for. The annuities were to be paid out of the income from the remaining portion of his estate. It is manifestly to the disadvantage of Virginia M. Woolsey and Alice Woolsey to have the legacy and the trust fund depleted by the payment of moneys which were paid and received on account of the annuities. As was said by the chief-justice in *Appleton* v. *American Malting Co., 65 N. J. Eq. (20 Dick.) 375, 381:* 'It is absurd to say that a person suffers no wrong who has been unwittingly induced to exhaust his principal by the mistaken or fraudulent representation of those to whom he has entrusted it that what has been paid to him is income.' The annuities were payable only out of income derived from the estate after setting aside enough money to pay the legacies. By paying the annuities the executors represented to the annuitants that they had income out of which to make these payments after paying the legacies. Having led the annuitants to act on this belief, the executors are estopped from asserting the contrary."

Thereupon the record was remitted from the court of errors and appeals to this court, and by this court to the orphans court, with directions to restate the account of the executors in accordance with the opinion of the court of errors and appeals. The orphans court made an order for the restating of the account accordingly, and this order was complied with, with the result of showing, as already mentioned, a balance in the hands of the executors sufficient to pay the legacy now claimed by Mrs. Woolsey.

After the decision of the court of last resort in the accounting matter, the executors filed their bill in chancery praying to be relieved from its effect, first, on the ground that the question whether Mrs. Woolsey and the other legatees were induced to exhaust their principal by the representation that what had been paid to them was income was not within the issue that was before the orphans court in the accounting; and secondly, on the ground that the payments that had been made to Mrs. Woolsey, and similar payments made to Alice and to Virginia as guardian for Herbert, were made upon an agreement between the executors and the legatees that they were to be charged to principal (that is to say, charged against the legacies), in default of sufficient estate to satisfy annuities and principal. The court of chancery, and afterwards the court of errors and appeals, overruled this contention, Mr. Justice Swayze again writing the opinion for the latter court (72 N. J. Eq. (2 Buch.) 898), holding that the form of the exceptions that had been taken in the orphans court to the original final accounting presented the question of the justice and propriety of the allowance prayed by the executors for the payments that had been made, and not merely the question of the fact of payment; the court holding, therefore, that the matter was res adjudicata.

Upon the hearing of the present action in the orphans court, the averment by the executors that the legacy claimed by Virginia M. Woolsey had been fully paid was attempted to be supported by the same evidence that had been laid before the court of chancery in the hearing upon the bill for injunction, the entire testimony taken in that court being offered and admitted,

subject to objection interposed by counsel for the petitioner below (the present respondent) that the evidence was irrelevant for the reason that the matter covered by it was *res adjudicata.*

It is conceded here by the appellants that as to the executors individually, and as to all parties whom they represented at the time of the former litigation, it is *res adjudicata* that the payments made to Virginia M. Woolsey, in the form of payments on annuity account, were not, in fact or in law, payments on account of her legacy; that by reason of the payments having been made on account of the annuities the executors were estopped to deny the receipt of income out of which to make the payments, and as they failed to charge themselves with such receipts they could not be allowed for the payments; and that as to their subsequent insistment that by agreement, express or implied, between Mrs. Virginia M. Woolsey and the executors, the payments made apparently on income account were in certain contingencies to be treated as payments on the legacy, it was open to the executors to show this in the former orphans court proceeding, and since they had failed to do so they were concluded by the result of that litigation from afterwards doing so.

It being admitted that this estoppel is complete as against the executors and all persons whom they then represented, the ingenious contention is made that new interests have since arisen that were not in being at the time of the former litigation, and that these interests are not concluded by the result thereof. This point arises as follows: Herbert W. Woolsey, the grandson of the testator, died in infancy, childless, intestate and unmarried, on March 20th, 1904. Afterwards, and on March 5th, 1908, shortly before the filing of the restated and supplemental account by the executors, Alice Woolsey died, intestate and unmarried, leaving as her nearest relatives two paternal uncles of the half-blood, viz., Frank Woolsey (one of the executors) and Eugene Woolsey, and Kitty M. Newell, now Mrs. Wadsworth, who was a daughter of Sarah A. Newell, deceased, who was a full sister of Charles A. Woolsey, the testator. Thereupon, it is said, the contingency, contemplated by subdivision 8 of the third clause of the testator's will, arose. That provision is as follows:

"(8) In case of the death of said Herbert W. Woolsey and Alice M. Woolsey before the division herein provided for, and without one or each of them leaving lawful issue, and no directions for such contingencies being herein specifically set forth, then such share or shares shall be divided in the same manner as though I had died intestate, a resident of the State of New Jersey, upon the day and date of this instrument."

A correct construction of this language may not be free from doubt. If the testator had died intestate upon the day of the date of his will, viz., June 14th, 1894, his daughter, Alice, and his grandson Herbert, being then alive, would have been his heirs-at-law and next of kin. But they are the same parties upon whose death without issue the share in question is to be divided in the same manner as though the testator had died intestate upon that day. It is contended, therefore, that he must be considered to have died intestate (with respect to the share in question) at the time when the contingency arose, but with reference to the statutes of descent and distribution that were in force at the date of the will; with the result that Frank Woolsey, Eugene Woolsey and Mrs. Wadsworth would become entitled.

Under any construction, it may, for present purposes, be assumed, if not conceded, that the will upon the death of Alice Woolsey conferred upon Eugene Woolsey and the others just mentioned interests in the estate that they did not possess at the time of the former litigation.

It is contended that Eugene Woolsey and Mrs. Wadsworth, not having been parties to that litigation, are not bound by its result.

The Orphans Court act, in section 127 (P. L. 1898 p. 761), declares that a decree of the orphans court on the final settlement of the accounts of executors, &c., shall be conclusive upon all parties, and shall exonerate the party accounting from all demands of creditors, legatees and others beyond the amount of such settlement, except for assets which may come to hand after settlement, and except fraud or mistake be proven to the satisfaction of the court.

Under our statutory system the jurisdiction of the orphans court over matters of accounting and distribution that are properly within its cognizance, is as complete and its decrees are as binding and conclusive as are the jurisdiction and decrees of the

court of chancery. In all cases where a decree in equity would be binding upon persons not *in esse* at the time, or upon persons whose interests had not yet arisen, the decree of the orphans court must be equally binding.

The rule that all persons interested in the fund or property that is in question must be brought before the court in order to be bound by the result, is subject to some limitations, dictated by common sense, upon grounds of necessity or even of convenience. Where courts have to deal with property whose ultimate destination is in doubt, and which may, upon a certain contingency, go to persons not yet *in esse* or not yet ascertained, they must perforce proceed without the attendance of such persons, or not proceed at all. It results that such contingent interests are held to be bound if the interest be represented in the litigation by a trustee or (in some cases) by the predecessor in estate. *1 Dan. Ch. Pl. & Pr. 227, 228, 229, 266; Story Eq. Pl. §§ 140, 142, 144, 145, 146, 147; 2 Spenc. Eq. Jur. 707; Dunham v. Doremus 55 N. J. Eq. (10 Dick.) 511; Hale v. Hale, 146 Ill. 227; 33 N. E. Rep. 858.*

Even where the parties interested are *in esse* and ascertained, they are not in all cases necessarily brought before the court. Thus, in *Davidson v. Rake, 45 N. J. Eq. (18 Stew.) 767,* the court of errors and appeals held, in a suit for the recovery of a legacy pursuant to the Orphans Court act, that the residuary legatee is not a necessary party, and this on the general ground that in suits by creditors or legatees not involving the construction and effect of the residuary clause of the will, and where residuary legatees are interested consequentially only from the circumstance that the recovery of the debt or legacy will reduce the residue, the executor is regarded as the representative of all persons interested.

The above reasoning applies with special force to proceedings having for their object the settlement of the accounts of executors and trustees under a will. It would lead to interminable confusion if such an accounting were subject to be reopened and materially modified upon the occurrence of a change of interest through the happening of subsequent events.

The interest in the residue of the Charles A. Woolsey estate now claimed for Eugene Woolsey and others as having arisen upon the death of Alice Woolsey, not having arisen at the time of the former litigation, and the persons who would succeed in the event of her death being then unascertained, and until her death unascertainable, it seems to me that those contingent remainders must be taken to have been represented by the executors, who were likewise trustees for the remaindermen.

The remaindermen must therefore be held bound by the former decision.

For this reason I have found it unnecessary to examine the evidence upon which the appellants base their argument that Virginia Woolsey is estopped from denying that the moneys paid to her on the annuity account should be taken as received in discharge of the legacy.

The decree under review will be affirmed, with costs.

# CASES ADJUDGED

IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

MARCH TERM, 1911.