THE ORDINARY OF NEW JERSEY, PLAINTIFF-RESPOND-
ENT, v. GEORGE H. WEBB ET AL., DEFENDANTS-AP-
PELLANTS.

Submitted October 27, 1933—Decided February 2, 1934.

For the respondent, *James J. McGoogan.*

For the appellants, *Louis B. Levine.*

The opinion of the court was delivered by

PERSKIE, J.  This is an appeal by George H. Webb, ad-
ministrator *cum testamento annexo* of the estate of William
J. Roessler, deseased, and United States Casualty Company,
surety on his bond, from a directed verdict of the trial judge
in favor of the respondent, a judgment creditor of the estate,
in the penal sum of the bond, plus interest, amounting to
$15,562.

Our study of the state of case submitted fails to disclose a
*postea,* notice of appeal, or the judgment complained of and
to be considered by this court.  All that appears in the record
is a mere statement, at the end of the transcript of the testi-
mony produced and motions made before the trial judge, in
the manner following: "The court:  The jury may return

a verdict in favor of the plaintiff and against the defendants in the sum of $15,562." "(The jury returned a verdict accordingly.)"

This appeal is not properly before us. Time and again this court has indicated the proper practice on appeals. It is clear and simple. It must be observed.

In the case of *Kleinman* v. *The Globe and Rutgers Fire Insurance Co.,* 111 *N. J. L.* 374; 168 *Atl. Rep.* 648, this court held:

"It is elementary learning that an appeal does not lie in any case until there is a final judgment. 2 *Comp. Stat.* 1910, *p.* 2207; *Salmons* v. *Rugyeri,* 103 *N. J. L.* 596; *VanHoogenstyn* v. *Delaware, Lackawanna and Western Railroad Co.,* 90 *Id.* 189 (section 25, Practice act—1912). The state of case submitted should contain the judgment complained of and to be considered by the court. (Rule 19, Court of Errors and Appeals). We could therefore with propriety stop at this point and dismiss the appeal. *Mayer* v. *Roche,* 75 *Atl. Rep.* 516."

Since no point is made on this score and the further fact that other phases of this case have received the consideration of this court (*In re Roessler,* 110 *N. J. Eq.* 570, decided May 16th, 1932), we have concluded to consider the case on the merits, and as though it were properly before us.

On September 6th, 1932, the Orphans Court of Mercer county made an order, which, *inter alia,* provided: "Said George H. Webb, administrator, within ten days from the date hereof, deposit in the bank in Trenton, in which he keeps the funds of the estate, said sum of $3,850.58 in cash * * * and it appearing that the said *administrator acknowledges that the personal estate of the estate amounts to $7,765.83,* but that he has used and expended all but $3,915.25 thereof represented by a second mortgage on * * * and the court being satisfied that the said George H. Webb should account for the difference of $3,850.58 in cash."

The aforesaid order also recites that, *"this matter of discovery* coming on to be heard in pursuance to an order to show cause returnable to this court on July 29th, 1932," but

neither that order nor the proceedings thereon are made to appear before us.

On December 6th, 1932, the Ordinary of New Jersey brought suit against appellants on a judgment recovered on November 22d, 1932, by Updike-Kennedy Company, Incorporated, against Webb, administrator as aforesaid, in the sum of $5,665.90. In this suit various breaches by Webb, including non-compliance with the order of September 6th, 1932, were specified. The order of September 6th, 1932, was, as already indicated, one in discovery.

The authority for the examination into conditions of an estate and the procedure thereon is to be found in sections 139 and 139a of our Orphans Court act. 3 *Comp. Stat.* 1709-1910, *pp.* 3865, 3866.

Webb did not comply with the order of September 6th, 1932. He neither made an attempt, by motion or otherwise, to vacate the same in the court where it was entered, nor did he appeal therefrom. The trial judge held that under these circumstances the order was not subject to collateral attack in the instant case, and denied appellants' motion of nonsuit and directed verdict, and granted the respondent's motion for a directed verdict. We think that the trial judge ruled correctly.

In the case of *Podesta* v. *Binns,* 69 *N. J. Eq.* 387 (at *p.* 394), it was held in substance, that decrees of a court of general jurisdiction may not be attacked collaterally and that it is settled in this state that the Orphans Court is a superior court of general jurisdiction.

In *In re Leupp,* 108 *N. J. Eq.* 49 (at *p.* 58), it was held:

"It is a doctrine of universal acceptation that the judgment of a competent court of jurisdiction is, until reversed, final and conclusive upon the parties, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. *In re Walsh's Estate,* 80 *N. J. Eq.* 565; *Shearman* v. *Cameron,* 78 *N. J. Eq.* 532; *Sarson* v. *Maccia,* 90 *Id.* 433; *West New York Improvement Co.* v. *West New York, supra; Rosenstein* v.

*Burr,* 80 *Id.* 424; *Margolies* v. *Goldberg,* 101 *N. J. L.* 75; *Nachamkis* v. *Goldsmith, Ibid.* 356; *Cromwell* v. *County of Sac,* 94 *U. S.* 351; 24 *L. Ed.* 195; *Sawyer* v. *Woodbury,* 73 *Mass.* 499. This doctrine is not a mere rule of procedure, but one of substantial justice, unlimited in its operation, and the enforcement of which must be exacted whenever it is necessary for the protection and security of rights, as well as for the preservation of the stability and repose of society. *City of Paterson* v. *Baker,* 51 *N. J. Eq.* 49; *Putnam* v. *Clark,* 34 *Id.* 532. To do otherwise would be to displace this salutary principle of our jurisprudence and render it of little or no value."

The Orphans Court of Mercer county had the authority by virtue of the indicated provisions of our Orphans Court act, to make an order in discovery. It was not necessary for the court to set forth the facts upon which its right depended to make the order of September 6th, 1932. Such facts will be presumed. No evidence can be received to contradict them. Such intendments are *presumptionis juris et de jure.*

In the case of *Lippincott* v. *Godfrey,* 103 *N. J. L.* 407, this court in an opinion by Mr. Justice Kalisch, held (at *p.* 409) :

"Assuming all the irregularities indicated, by counsel of appellant, existed, they did not deprive the court of jurisdiction of the subject-matter of the controversy. The court had jurisdiction to order a judgment, and if its procedure in that regard was erroneous, nevertheless, the validity of the judgment could only be properly subject to an attack by a motion to vacate the judgment in the court where such judgment was entered or by an appeal therefrom, and notion the collateral manner, as is attempted here."

"A complete refutation to the argument advanced by counsel of appellant in support of his contention is to be found in *Plume* v. *Howard Savings Institution,* 46 *N. J. L.* 211, where Chief Justice Beasley, speaking for the Supreme Court (at *p.* 229), says: 'Courts of general jurisdiction need not set forth in their records the facts upon which their right to adjudicate depends, but such facts will be presumed, and no evidence can be received to contradict them, as such intend-

ments are *presumptionis juris et de jure*. It is, indeed, this quality that constitutes the principal distinction between courts of superior and general jurisdiction, and those of limited and special jurisdiction. This doctrine is unquestionable, and is too rudimentary to justify discussion.' The question is interestingly discussed in *Crawford* v. *Lees,* 84 *N. J. Eq.* 324 (at *pp.* 328, 329)."

As long as Webb did not comply with the order, or make any attack thereon in the court where it was made, or appeal therefrom—it could not be the subject-matter of collateral attack, as was attempted in the instant case.

We have examined all other assigned grounds of appeal and find them to be without merit.

Judgment is affirmed, with costs.

*For reversal*—None.