## IN THE MATTER OF THE ESTATE OF ABRAHAM MARCH, DECEASED.

Decided May 31, 1939.

WARKE, JR., Special Master. This is an order to show cause why a decree heretofore entered in the Orphans Court of Atlantic county allowing an accounting made by the Penn Norristown Trust Company in the matter of the estate of Abraham March, deceased, sur trust for George March, should not be vacated and set aside to allow the petitioner, Mary F. March, guardian *ad litem* of Janet March, Robert March, George March, Jr., and Mary Louise March, all minors, to file exceptions thereto in their behalf.

The facts are that the testator, Abraham March, left a will and in accordance with the provisions thereof, a trust estate was set up whereof the income is payable to George March during his lifetime, and the principal to his four children after his death, and upon their attaining majority if they have not become of age during his lifetime. The Penn Norristown Trust Company, Mary F. March and Paul March were named by the testator to be the trustees of this trust. Mary March withdrew from the administration of the trust, and Paul, the other trustee, not only did not join in the accounting which is the subject hereof but filed exceptions to it. He himself has never filed any accounting.

The exceptions to the accounting were heard by a master and upon the master's report a decree was entered allowing the account in accordance with the findings of the master. No guardian had ever been appointed for these children until after the entry of this decree, and thereupon this petitioner

had herself appointed guardian *ad litem,* and now prays that the decree be vacated so that she may take exceptions to the accounting in behalf of these children.

In preparing and filing its accounting the trustee bank complied with the provisions of the statute in such cases. *R. S.* 3:10-11 and rule 18 of the Orphans Court. This is not questioned, and there is no allegation of fraud or other irregularity in obtaining the decree. The statute cited provides for advertisement of the settlement to be posted in three prominent places in the county and published in a newspaper, &c. Rule 18 of the Orphans Court provides in addition thereto the notice be sent by mail to all persons interested therein, and "In case any person interested in the settlement of such account be a minor, such notice shall be mailed to the guardian of such minor, if any; if there be no guardian then to the parent or other person standing *in loco parentis* to said minor. Proof of such mailing shall be by affidavit filed in the office of the surrogate on or before the day on which said account is noticed for settlement."

The contention of this applicant is that there having been no guardian of these children they were without representation when the account was offered for settlement, and that therefore they had no opportunity to be heard, and have not had their day in court.

It should be noted that the contention is not that notice was not given of the settlement of the account, but that these children were entitled to representation in the matter which they did not have, and that the decree therefore is not binding upon them. On the other hand, counsel for the trustee bank insists that having complied with the statute and the rules, the decree is valid and binding upon the children.

First as to the conclusiveness of the decree. To whatever extent it is conclusive, it is conclusive enough as to the trustee bank, since the other trustee, Paul and Mary, did not file an accounting. Such accountings, "Are in the nature of proceedings *in rem* and they are only conclusive on matters directly adjudicated, and those matters are exclusively the receipts of the assets and the disbursements in behalf of the estate. The question which of the accountants has in actual

custody such assets, and who, therefore, are accountable for them, is not before the court, and it is not, therefore, decided."

In the second place, although this is not a final account, it is conclusive against the parties thereto on all questions raised, or which might have been raised, and upon all parties to the accounting proceedings, or represented therein. *City Bank Farmers Trust Co.* v. *McCarter et al.,* 111 *N. J. Eq.* 315; 162 *Atl. Rep.* 274. "Since the amendment to the Orphans Court act, *Pamph. L.* 1905, *p.* 300, §§ 2 *et seq.;* 3 *Comp. Stat.* 1910, *p.* 3856, §§ 124 *et seq,* the decree of the Orphans Court upon an intermediate accounting of a trustee has the same weight as a decree of the same court upon a final accounting. *In re Slater's Estate,* 88 *N. J. Eq.* 296; 102 *Atl. Rep.* 384; *Beam* v. *Patterson, &c., Co.,* 96 *N. J. Eq.* 141; 126 *Atl. Rep.* 25; *Id.,* 99 *N. J. Eq.* 427; 132 *Atl. Rep.* 921. The decrees are conclusive on all questions which were raised or which might have been raised, and upon all parties to the accounting proceedings, or represented therein. *Woolsey* v. *Woolsey,* 78 *N. J. Eq.* 517; 76 *Atl. Rep.* 1076; *Sherman* v. *Cameron,* 78 *N. J. Eq.* 532; 80 *Atl. Rep.* 545."

So much for the extent to which the decree is conclusive, and there remains to consider whether the minority of these children excepts them from the operation of the decree.

The sole question then is: Are these minors entitled to have this decree vacated to allow them to file exceptions to the accounting, simply because they were infants when the accounting was filed and no guardian was appointed to protect their interests in that proceeding? I am of the opinion that they are not so entitled.

This decree against these infants is neither erroneous nor void. Where a court has jurisdiction of the subject-matter and acquires jurisdiction of an infant by lawful service or process, a judgment rendered against such infant without the appointment of the guardian *ad litem,* while it may be erroneous, is not void. *La Bell* v. *Quasdorf,* 184 *Atl. Rep.* 750. And a judgment against one under disability is not vacated as a matter of right, unless it is void. *Ibid.* See, also, *Clayton* v. *Asbury Park and Ocean Grove Bank,* 115 *N. J. Eq.* 480 (at *p.* 485); 171 *Atl. Rep.* 502.

Counsel for the petitioner relies strongly upon the case of *Weining* v. *Selitto et al.,* 121 *N. J. Eq.* 60; 187 *Atl. Rep.* 368, in which case a decree against an infant in a foreclosure suit was vacated because it was erroneous. The decree was taken *pro confesso* against an infant for whom no guardian had been appointed in a foreclosure suit. The defect lay in the fact that the case against the infant was proved *ex parte* by affidavit which is permissible in foreclosure suits where there are no infant defendants but not permissible where there are such defendants. The complainant should have entered an order to take proofs against the infant instead of taking a decree *pro confesso,* and his failure to do so was clearly error in obtaining the decree, which was therefore vacated.

No such error is alleged in the entry of the present decree. On the contrary the proceedings preliminary to the entry of the decree are in perfect order.

Counsel for the petitioner guardian likewise relies greatly upon the language of Vice-Chancellor Backes in *Clayton* v. *Asbury Park and Ocean Grove Bank, supra.* The facts in this case were that the complainant was an infant at the time an account was filed by an executor of an estate in which the complainant had an interest. She was living with her stepfather at the time. As in the present case notice of settlement addressed to the infant complainant was mailed to her stepfather with whom she resided, and who stood *in loco parentis* to her. The complainant's bill alleged that her stepfather concealed from her all knowledge of the accounting, did not deliver the notice to her, and in fact kept her in complete ignorance of the proceeding. This was clearly fraud on the part of this stepfather, and evoked the following statement by the court "Aside from the alleged fraudulent procurement of the decree allowing the account, the Orphans Court would be moved to open the decree upon a showing that the complainant was an infant at the time of the allowance of the executor's account, had no notice of the hearing and was without a guardian to represent her; the absence of a guardian having deprived her of timely contesting the account. It is the practice in the probate court in proceed-

ings of this character to decree against infants, upon notice, without guardian representation. Such decrees are no doubt valid upon collateral attack (*Ordinary* v. *Webb*, 112 *N. J. L.* 395; 170 *Atl. Rep.* 672) but voidable at the instance of the infant on coming of age. No judicial determination is conclusive unless upon a hearing or an opportunity to be heard. Upon an executor's or trustee's accounting in equity, guardians are always appointed. See *Heath* v. *Maddock*, 81 *N. J. Eq.* 469; 86 *Atl. Rep.* 945.

"Counsel lays stress on his client's infancy, the fact that she was represented by guardian, and that the decree was procured by fraud, as grounds for coming into equity. The Orphans Court should be allowed to purge its own record; it has, as already indicated, ample jurisdiction to relieve the complainant's wrong suffered through her disability. A refusal would find its remedy in an appeal to the Prerogative Court. This court should not step in at this time, when the relief may be had for the asking in the Orphans Court."

A desultory or hurried reading of this passage certainly gives the impression that it is authority for the proposition advanced by the petitioner, namely that the mere fact that the children were infants and no guardian was appointed for them is sufficient *per se* to entitle them to vacate the decree. Especially the statement that "Aside from the alleged fraudulent procurement of the decree allowing the account, the Orphans court would be moved to open the decree upon a showing that the complainant was an infant at the time of the allowance of the executors' account, had no notice of the hearing and was without a guardian to represent her: the absence of a guardian having deprived her of timely contesting the account." But this language must be considered in the light of the allegation before that court, that the notice to that infant had been fraudulently suppressed, and therefore it had neither actual or constructive notice of the settlement. This is not the situation in the present case. There is no allegation of fraud or suppression of the notice, and "A notice of settlement of the various trustee's accounts which is given pursuant to Orphans Court act, 1898, as amended by *Pamph. L.* 1905, *p.* 299, operates as constructive

notice to all parties interested in the estate, and in contemplation of law all such parties are before the court."

In the present case it is admitted that these infants were before the court when the settlement was made. In the Clayton case on account of the suppression of notice, the infant was not before the court, according to the allegation in the bill.

It is elementary that an infant institutes proceedings by a next friend, and defends by a guardian *ad litem*. It is likewise established that the normal affairs of an infant during his minority are. to be handled for him by a guardian, but the proceeding to obtain a decree allowing an accounting in an estate in which an infant has an interest, is neither a usual business transaction in which an infant must have a guardian to represent him in all events, nor is it in the nature of a suit between party and party. It is analogous in its character to a proceeding in admiralty or other proceeding *in rem,* in which a decision between the parties before the court settles the rights of all parties to the property in question. *Exton* v. *Zule,* 14 *N. J. Eq.* 501. *Weyman* v. *Thompson,* 52 *Id.* 263 (at *p.* 269.) ; 29 *Atl. Rep.* 685.

The rights of an infant are not superior to those of an adult. The difference between the two classes of persons is that the rights of an infant must be protected by the court, while adults must protect their own. *Caruso* v. *Caruso,* 141 *Atl. Rep.* 16. The right of an adult in the present case would be simply to have notice of the accounting and this is all that these infants were entitled to. It was given in the manner prescribed by the law. The legislature and the promulgators of section *R. S.* 3 :10-11 of the Orphans Court act, and rule 18 of the Orphans Court were not unmindful of the possibility of an infant remaindermen in trust estates, and the court rule 18 provides the legal provision for the protection of the interests of infants where accountings are concerned. It was clearly the natural and permissible contemplation of those who formulated the rule that the parent of the child, being its natural guardian, or its legal guardian if it had one, or the person standing *in loco parentis,* or having custody of the child, would upon notice of an accounting

in which the infant was interested, take the necessary steps to protect the infant's interests. It would seem that motives both of self interest and affection would move them to do so. *Hale* v. *Hale,* 33 *N. E. Rep.* 858.

It cannot be said in this case as was said in the Clayton case that there was no opportunity for these children to be heard. Ample opportunity was given to them as provided for by law, when the notice of the accounting was mailed to their father.. There is no statement in the application or the accompanying affidavits as to why that opportunity was not taken. There is no allegation that the failure to do so was the result of ignorance, mistake, indifference, or fraud on the part of the parent, and in the absence of such allegation and proof I believe the decree should not be opened to permit exceptions to be filed now in behalf of the children. It seems to me that section 127 of the Orphans Court act (*R. S.* 3:10-18; 3 *Comp. Stat., p.* 3857) controls the situation. This section reads as follows: "The decree of the ordinary or Orphans Court on the final account and settlement of a fiduciary shall be conclusive on all parties and shall exonerate and discharge the accountant from all demands of creditors, legatees or others, beyond the amount of the settlement, except for assets which may come to hand thereafter, and in cases where a person applying for resettlement proves fraud or mistake in the account to the satisfaction of the court."

That this is an intermediary instead of a final accounting is immaterial. "Since the amendment to the Orphans Court act, *Pamph. L.* 1905, *p.* 300, §§ 2 *et seq.*; 3 *Comp. Stat.* 1910, *p.* 3856, §§ 124 *et seq.,* the decree of the Orphans Court upon an intermediate accounting of a trustee has the same weight as a decree of the same court upon a final accounting." *City Bank Farmers Trust Co.* v. *McCarter,* 111 *N. J. Eq.* 315; 162 *Atl. Rep.* 274.

In conclusion, I believe the correct rule is that in the absence of allegation and proof of error, fraud or mistake in the entry of a decree allowing an accounting by a fiduciary, the failure to obtain the appointment of a guardian either general or *ad litem* before the entry of the decree for an infant

who has an interest in the accounting, is not in itself sufficient ground to vacate the decree for the purpose of allowing the infant to file exceptions to the accounting. The failure to have such guardian appointed before the entry of the decree is not in itself such error or fraud as will absolve the infant from the operation of the decree, or entitle him to have it vacated.

A decree of the Orphans Court allowing an accounting filed by a fiduciary is neither erroneous nor void as to an infant remainderman where such fiduciary has complied with the statute and rule 18 of the Orphans Court providing for notice of settlement of such account, although no legal guardian has been appointed to represent the infant. Such a decree may not be avoided by the infant except on a showing of fraud or such neglect as would amount to fraud against him on the part of the person to whom the notice of settlement addressed to the infant as provided by rule 18 has been delivered, and, further, that the interest of the infant in the estate has suffered or is jeopardized thereby.

The statement in the Clayton case that these decrees are voidable at the instance of the infant on coming of age might as well be noticed now. This statement may be regarded as holding that the infants in the present case are not entitled to take this proceeding until they come of age, but I am of the opinion that these children need not wait until that time to take this proceeding. They are of very tender years and by the time they come of age, their remedy, if they have any, might avail them nothing.

I advise that the rule to show cause why the decree should not be vacated, should be set aside.