## SKINNER v. FRANKLIN COUNTY.

(Circuit Court of Appeals, Seventh Circuit. May 17, 1893.)

### No. 93.

1. REVIEW ON APPEAL—FINDINGS OF JUDGE.
    Where, in an action tried by the court without a jury, no proposition of law is submitted to the court, no special finding is made or asked, and no exception is taken to any ruling of the court during the trial, no appeal will lie from the judgment, since the finding of a trial court upon questions of fact is not reviewable on appeal.

2. JUDGMENT—RES JUDICATA—PARTIES.
    Upon suit brought against public officers to enjoin the payment of certain county bonds the holders were described as unknown, and notice to them was given by publication. A decree was rendered, holding that some of the bonds were valid and some invalid. On appeal by bondholders who had appeared to the action the decree was affirmed, the supreme court holding that all the bonds were invalid, but that, as no appeal had been taken by the county, the decision that some of the bonds were valid should not be disturbed. After this, a bondholder, who had not been a party to the suit, but who owned some of the bonds declared valid by the decree, petitioned the court to dissolve the temporary injunction as to its bonds, and obtained an ex parte order of dissolution. *Held,* that such bondholder did not thereby become a party to the suit, or entitled to any benefit under it.

3. SAME—COUPON BONDS.
    A judgment in favor of a bondholder upon certain interest coupons is not conclusive of the validity of other interest coupons on the same bonds where such judgment is rendered upon no other evidence than the coupons themselves, no defense having been made to the suit.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

Action by Elizabeth Skinner against the county of Franklin upon the interest coupons on certain county bonds. Defendant obtained judgment. Plaintiff appeals. Appeal dismissed.

G. A. Sanders, for appellant.

D. M. Browning, for appellee.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

WOODS, Circuit Judge. The parties having waived a jury, the court below made a general finding for the defendant, and gave judgment accordingly. After stating the evidence adduced, the bill of exceptions says: "Plaintiff excepted then and there to the conclusions of law announced by the court, and prayed an appeal. Judgment rendered September 30, 1892, to which action of the court plaintiff then and there excepted." No proposition of law was submitted to the court, no special finding upon any question of law or fact was made or asked, and no exception taken to any ruling or

action of the court during the trial. Save the general finding and judgment, there is nothing to show that the court considered or what views it held upon the various propositions embraced in the assignment of errors, and the assignment can be regarded as meaning no more than that the court erred in its finding and in giving judgment for the defendant. But that action of the court cannot be reviewed here. It is the settled law of this court, as well as of the supreme court of the United States, that it has no power to review the finding of a trial court upon questions of fact in a case at law. Such finding has the same effect as the verdict of a jury, and is not reviewable upon writ of error or appeal. Rev. St. §§ 649, 700; Copelin v. Insurance Co., 9 Wall. 461, 467; The Abbotsford, 98 U. S. 440, 443; Zeckendorf v. Johnson, 123 U. S. 617, 8 Sup. Ct. Rep. 261; Roberts v. Benjamin, 124 U. S. 71, 8 Sup. Ct. Rep. 393; Hathaway v. Bank, 134 U. S. 498, 10 Sup. Ct. Rep. 608. By this court: Reed v. Stapp, 9 U. S. App. 34, 3 C. C. A. 244, 52 Fed. Rep. 641; Farwell v. Sturges, 56 Fed. Rep. 782; Press v. Davis, 54 Fed. Rep. 267. If a case be submitted to the court for decision upon an agreed statement of facts, that statement, it has been held, may be "considered to be equivalent to a special verdict, and to present questions of law alone for the consideration of the court;" and, that being so, the decision may, of course, be reviewed by an appellate court. Supervisors v. Kennicott, 103 U. S. 554, and cases cited. In the case of Paper Bag Co. v. Van Nortwick, 9 U. S. App. 25, 3 C. C. A. 274, 52 Fed. Rep. 752, the circuit court had struck out and excluded the evidence adduced by the plaintiff, and, an exception having been duly saved and error assigned upon the ruling, this court reviewed the evidence so far as necessary to determine whether or not it showed a prima facie case in favor of the plaintiff, and, finding that it did, reversed the judgment, and ordered a new trial. But if, instead of rejecting, the circuit court had considered that evidence, and had entered a general finding and judgment for the defendant, this court could not have inquired whether or not the finding was justified by the evidence.

But, while no question has been preserved in a way to require consideration, we find upon examination of the record that the judgment is free from error. For a detailed statement of the facts, we refer to the opinion of the supreme court in German Sav. Bank v. Franklin Co., 128 U. S. 526, 9 Sup. Ct. Rep. 159. A brief statement is enough here. On the 13th of November, 1877, Franklin county issued to the Belleville & Eldorado Railroad Company bonds for $1,000 each to the amount of $149,000, of which one hundred purported to have been issued under the charter of the company, an act approved February 22, 1861, and the remainder under an act of the legislature passed in 1849. The county brought in the court below a bill to enjoin state and county officers against levying and collecting taxes for the payment of the bonds or the interest thereon, and obtained a temporary order. The holders of the bonds were described as unknown, and notice was given them by publication. Afterwards the German Savings Bank, owning bonds of both de-

scriptions, and others, who need not be named here, were permitted to become parties, and upon issues joined the case was submitted "on the bill, answers, replications, and cross bills, answers, and replications thereto and proofs," and a decree was rendered on July 3, 1883, declaring the bonds issued under the act of 1849 invalid, and making the injunction in respect thereto perpetual, "without prejudice, however, to the rights of holders who are not parties;" but declaring valid the bonds issued under the act of 1861, and in respect to them decreeing "that the injunction issued in the cause be dissolved, and complainant's said bill dismissed, for want of equity." The German Savings Bank having appealed from the decree against it in respect to the bonds issued under the act of 1849, the supreme court in the case cited affirmed the decree, showing in its opinion that, under the decisions of the supreme court of the state in Richeson v. People, 115 Ill. 450, 5 N. E. Rep. 121, and Town of Eagle v. Kohn, 84 Ill. 292, the bonds of both descriptions were invalid, even in the hands of good-faith purchasers, there being in them no recital that the act of April 16, 1869, had been complied with, and there having been in fact no such compliance. But, the county not having appealed, that portion of the decree which declared valid the bonds issued under the act of 1861 remained in force, a binding adjudication between the parties. It was so held in Franklin Co. v. German Sav. Bank, 142 U. S. 99, 12 Sup. Ct. Rep. 147. Seeking to obtain the benefit of that adjudication, though not a party to the injunction procedure, and, as a holder of bonds which were declared valid, and in respect to which the injunction granted had been dissolved and the bill dismissed, being no more affected than if the suit had never been commenced, the appellant, on the 14th of April, 1885, joined one Edsall in a petition to the court that the injunction (already totally dissolved) be dissolved in respect to the bonds owned by them respectively, and on the same day, without notice to the county or appearance for it, procured the court to "decree that said injunction be dissolved" in respect to those bonds; and so it is insisted that appellant became a party to the original decree, and entitled to hold the county bound thereby as a final adjudication of the validity of her bonds. It is needless to say that the position is untenable.

The appellant also claims to have recovered judgments against the county upon other coupons taken from the same bonds as the coupons in suit; but, besides there being no proof of the rendition of such judgments, the record shows an admission of the appellant, "for the purpose of the trial, that, where judgments were recovered against Franklin county, the defendant, upon other coupons from some of these bonds, the state's attorney of the county was present, but that no defense was made, and no evidence was offered by the county, and that the only evidence offered for the plaintiff in such suits was the coupons." In view of that admission the county is not estopped by the judgments, if rendered, from making defense in this suit, which is brought upon coupons never before in issue.

Cromwell v. County of Sac, 94 U. S. 351; Nesbit v. Independent Dist., 144 U. S. 610, 12 Sup. Ct. Rep. 746.

The appeal should be dismissed, at the cost of the appellant; and it is so ordered.