Monmouth County Court of Common Pleas.

HYMAN KATZ, PETITIONER-APPELLANT, v. ROBERT W. SIMS AND ANNIE SIMS, INDIVIDUALLY AND TRADING AS LLEWELLYN HOTEL, RESPONDENTS-APPELLEES.

Decided July 24, 1947.

For the petitioner-appellant, *Thomas F. Shebell.*

For the respondents-appellees, *Anschelewitz & Barr.*

KNIGHT, C. P. J. A formal petition having been filed in the above entitled matter, to which an answer was thereafter filed denying the allegations contained therein, and the matter having been heard before Deputy Commissioner Harry S. Medinets on December 18th, 1945, at which time, after hearing on the merits, the petitions were dismissed, and a notice of appeal having been filed with the Monmouth County Court of Common Pleas on or about January 23d, 1946, and other steps having been taken in accordance with the provisions of the statute, after which briefs were submitted, and after considering the briefs submitted and the testimony in this case, I do find and determine as follows:

A careful study of the transcript of testimony, findings and briefs of counsel leads me to the following conclusions:

The petitioner, Katz, was engaged to perform certain carpentry and construction work for the respondents, Robert W. Sims and Annie Sims, the work commencing the latter part of August, 1944, and ending in the latter part of September, 1944. He alleges in his petitions for compensation that he was injured while working, and more specifically, on September 14th and September 15th of 1944. Prior to a hearing of either petition, Katz filed a claim for wages against Robert W. Sims (Annie Sims was made a party to that suit, by consent, at the time of the hearing of the claim) with the Wage Collection Division of the Department of Labor. A hearing of the claim was had before Mr. A. D. Appice, referee, and at the conclusion thereof, a judgment was entered in favor of the defendants, Robert W. Sims and Annie Sims, and against the plaintiff, Hyman Katz, which judgment was subsequently docketed in the Monmouth County clerk's office and recorded in Book 33 of Common Pleas Judgments, page 76, and no appeal was taken therefrom. The

order for judgment, dated October 17th, 1945, reads in part as follows:

"After hearing the stipulated facts and testimony and evidence, I find as a fact that the plaintiff was not employed by the defendant, Robert W. Sims or Annie Sims; that the testimony of the defendants' witnesses and the defendant, Robert W. Sims, has convinced me that the plaintiff was an individual contractor.

"It is, therefore, on this 17th day of October, 1945, ordered, that a judgment of 'No Jurisdiction' be entered in favor of the defendants, Robert W. Sims and Annie Sims and against the plaintiff, Heyman Katz."

Subsequent to the disposition of the claim for wages by the Wage Collection Division of the Department of Labor, a motion was made to dismiss the petitions for compensation on the grounds that the determination of the referee of the Wage Collection Division was *res adjudicata* as to the matters in issue, and more particularly the status of Katz' employment, it having been decided by that tribunal that Katz was an independent contractor and not an employee, and therefore barred from prosecuting his compensation suits. The Deputy Commissioner of the Workmen's Compensation Bureau granted the motion and dismissed the petitions. The petitioner appeals.

When the Compensation Act, chapter 95, *Pamph. L.* 1911; *N. J. S. A.* 34:15-1, *et seq.,* was enacted, the jurisdiction to hear and determine compensation cases was given to the Judge of the Court of Common Pleas of such county as would have jurisdiction in a civil case, however, by chapter 149 of the laws of 1918, *N. J. S. A.* 34:1-2, the legislature created a bureau in the Department of Labor to be known as the Workmen's Compensation Bureau, the structure and function of which need not be set forth here other than to state that as a part of the bureau, a statutory tribunal of special and limited jurisdiction was created to hear compensation claims.

In 1934, the legislature created the Wage Collection Division of the Department of Labor, *R. S.* 34:11-57 to 34:11-67; *N. J. S. A.* 34:11-57 to 34:11-67. The statute confers upon the Commissioner of Labor a special and limited jurisdiction

touching claims for wages and defines his duties and powers, and provides an appeal to the Common Pleas Court from a judgment obtained in the Wage Collection Division of the Department of Labor. By the act, the legislature provided that a decision or award of the Commissioner "* * * shall be a judgment when a certified copy thereof is filed with the court of common pleas of the county where defendant resides. Such judgment shall be entered in the same manner and have the same effect and be subject to the same proceedings as are judgments rendered in suits duly heard and determined by courts of competent jurisdiction." *R. S.* 34:11–58; *N. J. S. A.* 34:11–58.

Hence, we are dealing with proceedings in two statutory tribunals involving the same parties and the same issue in the two proceedings, that of the status of petitioner's employment, but not involving the same subject-matter or the same cause of action.

It is well settled that the doctrine of *res adjudicata* has two phases as set forth in *Perth Amboy Dry Dock Co.* v. *Crawford,* 103 *N. J. L.* 440; 135 *Atl. Rep.* 897, wherein Mr. Justice Katzenbach quotes as follows:

"The effect of an estoppel by judgment may present two aspects—one where a second suit between the same parties is brought for the same cause of action, the second where a second suit between the same parties is brought not for the same cause of action, but for a cause so related to the cause in the preceding suit that some matter, the establishment of which is essential to the recovery by the complainant in the last suit, was in issue and determined in the preceding suit.

"In respect to the first phase in which the question of estoppel presents itself, it is entirely settled that after one judicial determination by a court of competent jurisdiction, a second suit for the same matter, between the same parties or their privies, cannot be relitigated in the same or any other court. Nor does it matter that, in the first suit, evidence existed which was withheld or undiscovered, or that the law was misconceived by the court, or left uncited by counsel, or that no defense was made and judgment went by default, or that only one of several defenses was interposed by the de-

fendant; in spite of any of these defects in the prosecution or defense of the action, the judgment stands as an absolute bar against a second litigation of the same cause of action.

"When, however, a second suit is brought not for the same demand, but for a cause which was a part of the same matter, but not included in the first action, the estoppel is not so sweeping. In such instances only those issues which are common to both suits, and which had to be or were actually decided in the first suit, are regarded as *res adjudicata* in the second." *Clark Thread Co.* v. *William Clark Co.*, 55 N. J. Eq. 658; 37 Atl. Rep. 599.

The estoppel, if any, in this case belongs to the second class and does not depend upon the judgment of the referee of the Wage Collection Division, but rather the finding of fact constituting the basis of the judgment.

The record before me discloses that Katz filed a claim for wages, summonses were issued, a hearing was had on the merits of the claim, the issues involved determined, and final judgment entered, from which no appeal was taken. The testimony of that hearing, the final order of the referee in the Wage Collection Division, and a certified copy of the docketed judgment are a part of the record of this appeal, having been exhibited at the hearing of the motion before the Deputy Commissioner of the Workmen's Compensation Bureau.

At the hearing of the wage claim, the referee passed upon the status of Katz' employment, which is the basis of his claims for compensation. Therefore, since the status of petitioner's employment was fixed at that hearing, petitioner is estopped from raising that issue in his compensation suits. It is well settled that when it appears that some particular issue arising in a second cause of action was tried and determined in another cause of action, the estoppel extends to such issue. It is not the judgment in the former case which is the bar. but rather the finding of facts or the verdict constituting the basis of the judgment by which the parties are estopped.

It cannot be argued that the referee of the Wage Collection Division did not have jurisdiction over the proceedings be-

fore him. He was given jurisdiction by *R. S.* 34:11–58; *N. J. S. A.* 34:11–58, and at the same time the legislature gave to the judgments of the Wage Collection Division, when properly filed with the Court of Common Pleas, the same effect as judgments rendered in suits duly heard and determined by courts of competent jurisdiction. The referee's order, dated October 17th, 1945, which read that judgment of "No Jurisdiction" be entered, was not a finding that he had no jurisdiction over the proceedings, rather it was the final judgment of a statutory tribunal based upon documentary proof, testimony and stipulated facts and is conclusive as between the parties until set aside.

In the opinion of this court, the attempt on the part of the petitioner to collaterally attack the findings of the referee is *without merit*, as judgments or determinations of courts of special and limited jurisdiction attain the same immunity from collateral attack as judgments of courts of general jurisdiction, provided that "courts of special and limited jurisdiction * * * reveal on the records the existence of jurisdictional facts * * * or by showing such finding by evidence *aliunde* the record." *Mangani* v. *Hydro, Inc.,* 119 *N. J. L.* 71; 194 *Atl. Rep.* 264, 265. In this case, the order for judgment of the referee of the Wage Collection Division sets forth the existence of the jurisdictional facts.

I can see no reason why the doctrine of *res adjudicata* should not apply between two statutory tribunals, with the same limitations however, as it applies between a statutory tribunal and a court of general jurisdiction.

It is, therefore, on this 24th day of July, 1947, ordered, that the appeal be and the same is hereby dismissed and that the findings and judgment of the Workmen's Compensation Bureau be affirmed.