96 N.J. Super. 367 (1967)
233 A.2d 82
EVANGEL BAPTIST CHURCH, A RELIGIOUS CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
THE UNBORN ISSUE OF FANNIE CHAMBERS AND HELEN L. CHAMBERS, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided July 21, 1967.
*368 Messrs. McCarter & English, attorneys for plaintiff (Mr. George C. Witte, Jr., appearing).
Mr. George Warren, Guardian ad Litem, pro se.
HERBERT, J.S.C.
This is a suit to quiet title. The plaintiff claims to be the owner in fee simple of land in Springfield Township, Union County by virtue of a deed dated July 5, 1966. The grantors, who executed and delivered the deed, were Fannie Chambers, widow, and Helen L. Chambers, unmarried. Fannie Chambers and Helen L. Chambers are mother and daughter. They acquired their interests in the premises under a deed dated September 11, 1945 from Elmer L. McKirgan and wife. The McKirgan deed is a startling example of poor draftsmanship. What estates its author intended to create is a puzzle, but it could be read in such a way as to give to issue of Fannie Chambers and of Helen L. Chambers future interests in the property.
In 1965 an action was brought by Fannie and Helen Chambers for reformation: Superior Court, Chancery Division, Docket No. C 1190-65. The defendants in that case were living children of Helen L. Chambers, living children of Fannie Chambers, and two spouses. Unborn children were not named as defendants and were not represented by a guardian ad litem. No answers having been filed, proofs were submitted ex parte to Judge Mintz and on March 22, 1966 he signed a judgment declaring Helen Chambers the owner in fee simple of the property in question subject to a life estate owned by Fannie Chambers. The judgment also provided that the McKirgan deed be reformed accordingly.
In the present action the only question raised by the guardian ad litem is whether the judgment of March 22, 1966 would be binding upon children who might be born in the future to Helen L. Chambers, she being a woman still young enough to bear more children.
*369 Even though the complaint of Fannie Chambers and Helen L. Chambers, filed under Docket No. C 1190-65, was not contested, I think that the judgment of reformation based thereon is binding upon the unborn issue of Fannie Chambers and the unborn issue of Helen L. Chambers. A case in point is Dunham v. Doremus, 55 N.J. Eq. 511 (E. & A. 1897). There a father devised land to his infant daughter Mary and gave to her children (if she should have children) an interest in the land by testamentary language creating either an executory devise or a contingent remainder. When Mary was only twelve years old a mortgage on the land was foreclosed and she was named as a party defendant to the foreclosure proceeding. About forty years later when a suit to quiet title was brought, Mary's children asserted that the fee to the property had become vested in them, their interests not having been cut off as a result of the foreclosure action. Their claim was rejected and it was held that they were bound by the judgment in foreclosure, the presence of Mary in that action as a defendant having furnished a sufficient basis to bind her and the holders of all subsequent interests. Justice Dixon wrote an opinion for a unanimous court in which he said:
"The established rule of equity practice is that estates limited over to persons not in esse are represented by the living owner of the first estate of inheritance. Reynoldson v. Perkins, Amb. 564; Giffard v. Hort, 1 Schoales & L. 386, 407; Lloyd v. Johnes, 9 Ves. 37; Mead v. Mitchell, 17 N.Y. 210; Calv. Parties 48 et seq.; Mitf. & T. Pl. & Pr. 24; 1 Daniell Ch. Prac. 262. When, therefore, Mary Magee was brought into court to answer the complainants' charge that the mortgage created a lien upon the absolute fee simple, and the complainant's prayer that the fee simple should be sold to pay the mortgage debt, the decree that such sale should be made bound not only the estate of Mary Magee but also all estates which might thereafter have arisen." 55 N.J. Eq., at p. 513.
Woolsey v. Woolsey, 78 N.J. Eq. 517, 525 (Prerog. 1910) aff'd 78 N.J. Eq. 579 (E. & A. 1911), may also be referred to. Both that case and Dunham v. Doremus were cited with *370 approval in Brown v. Fidelity Union Trust Co., 126 N.J. Eq. 406, 435 (Ch. 1939).
Dunham v. Doremus involved facts less favorable to an application of the doctrine of representation than the facts of the present case. The testator's daughter Mary had no living children who could be joined as defendants in the foreclosure suit of 1857. In the present case the judgment of March 22, 1966 was entered in an action in which living children of Fannie Chambers and of Helen L. Chambers were named as defendants and served with process. The birth of another Chambers child in the future would merely enlarge a class whose then living members were before the court in Chambers v. Lowe, et al., Docket No. C 1190-65.
There is in 120 A.L.R. 876, et seq., an annotation to Gunnell v. Palmer, 370 Ill. 206, 18 N.E.2d 202, 120 A.L.R. 871 (1938), which contains a collection of cases from other jurisdictions. At page 880 the following statement is made concerning situations in which contingent remainders have been created, or may have been created, but there are no living contingent remaindermen to be joined in a suit relating to the state of the title:
"According to the great weight of authority unborn contingent remaindermen may be represented, in case there are no living members of the same class, by the persons who hold estates which precede or follow theirs, provided some one or more of such persons would be adversely affected by the decree equally with the class not in esse and would therefore have the same interest and be equally certain to present to the court the merits of the question upon which the decree is sought."
Among the many cases cited under this statement is Dunham v. Doremus, supra.
The guardian ad litem has made the point that the judgment of March 22, 1966, by which it was adjudicated that Helen Chambers held title subject to a life estate in Fannie Chambers, was entered on ex parte proofs. So it was, but I have found no authority indicating that a default judgment, properly entered, has any less binding effect *371 upon possible future interests in land than a judgment entered in a contested matter. I conclude that the unborn issue of Fannie Chambers and of Helen L. Chambers are bound by the judgment of March 22, 1966 which was entered in Chambers v. Lowe, et al, Docket C 1190-65; that the plaintiff in the present action has a good and valid title to the land described in the complaint and that the unborn issue of Fannie Chambers and of Helen L. Chambers have no title to nor interest in the land.