**In the Matter of Joseph MILOSZAR, Debtor/Appellant.**

**Civil Action No. 99–2130 (JEI).**

United States District Court,
D. New Jersey.

July 27, 1999.

Kasen, Kasen & Braverman by David A. Kasen, Cherry Hill, NJ, for Joseph Miloszar.

Aaron M. Spiezer by Aaron M. Spiezer, Camden, NJ, for Charlotte Della Polla and John Miloszar.

Office of Chapter 13 Standing Trustee by Jane L. McDonald, Cherry Hill, NJ, for Trustee Isabel C. Balboa.

## OPINION

IRENAS, District Judge.

Presently before this Court is an appeal from the Bankruptcy Court's dismissal of a Chapter 13 petition. The Bankruptcy Court ruled that a default judgment should be included in the calculation of allowable debts under § 109(e) of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code"). Having so determined, the Bankruptcy Court dismissed the proceedings because the accumulated debts exceeded this statutory limitation.

This Court finds that: 1) a default judgment entered in a State Court proceeding is a final judgment governed by the "Full Faith and Credit Act" and is binding on the Bankruptcy Court; and 2) a disputed claim based on a default judgment is non-contingent and liquidated within the meaning of § 109(e). The decision of the Bankruptcy Court is affirmed.

## I. BACKGROUND

Charlotte Miloszar, the mother of John Miloszar ("Appellee" or "Plaintiff"), Charlotte DellaPolla ("Appellee" or "Plaintiff"), and Joseph Miloszar ("Debtor" or "Appel-

lant") died on April 21, 1997. Charlotte Miloszar's will designated her three children as co-executors and the sole beneficiaries of her estate. Prior to Charlotte Miloszar's death, the Debtor was responsible for the financial affairs of his blind and disabled mother.

On May 23, 1997, the Appellees sued the Debtor in the Superior Court of New Jersey, Camden County, Chancery Division. The suit charged that the Debtor mismanaged the affairs of his mother and misappropriated funds for his own benefit. At a deposition in the State Court matter, the Debtor invoked his Fifth Amendment right to avoid self-incrimination. Due to his failure to respond to certain questions pertaining to his answer to the complaint, the State Court granted Appellees motion for a default judgment.

On June 9, 1998, a proof of damages hearing was held which the counsel for the Debtor did not attend. The reason for his absence is unclear, but the Debtor's counsel alleges that he was never notified of the hearing. On June 17, 1998, a $125,-000,000 judgment for damages was awarded against the Debtor.

On September 1, 1998, the Debtor filed a voluntary Chapter 13 petition under Title 11 of the Bankruptcy Code. The petition did not list the default judgment among the Debtor's claims because, at the time of filing, the debtor maintains that he was unaware that a judgment had been awarded against him in State Court. He scheduled only two debts, Advanta for $8,070.52 and MBNA America for $2,181.50. On October 29, 1998, counsel to the Chapter 13 Standing Trustee ("Trustee") held a meeting of the Debtor's creditors pursuant to 11 U.S.C. § 341(a). At this meeting, the Appellees produced the judgment by the State Court awarding damages.

On November 12, 1998, the Trustee filed an Objection to Jurisdiction to the Debtor's eligibility to enter into a Chapter 13 bankruptcy proceeding. The Trustee's motion stated that the $1.25 million dollar judgment against the Debtor exceeded the $269,250 limit imposed by 11 U.S.C. § 109(e). Section 109(e) precludes a debtor from filing for Chapter 13 relief if their cumulative noncontingent liquidated unsecured debts exceed $269,250. The Debtor argued that the State Court judgment was not a liquidated debt and should not be included in the limit section 109(e) places on a Chapter 13 petition.

A hearing was conducted in the United States Bankruptcy Court on February 24, 1999. On March 17, 1999, an Order was entered dismissing the Debtor's bankruptcy petition for lack of jurisdiction. On May 11, 1999, the Debtor filed the instant appeal.

## II. STANDARD OF REVIEW

■ The standard of review applied by a district court when reviewing the ruling of a bankruptcy court is determined by the nature of the issues presented on appeal. Finding of fact are not to be set aside unless they are "clearly erroneous." *See* Fed. R. of Bankr.P. 8013; *In re Indian Palms Associates, Ltd.*, 61 F.3d 197, 203 (3d Cir.1995); *J.P. Fyfe, Inc. v. Bradco Supply Corp.*, 891 F.2d 66, 69 (3d Cir. 1989). Questions of law are subject to de novo or plenary review. *In re Brown*, 951 F.2d 564, 567 (3d Cir.1991); *J.P. Fyfe*, 891 F.2d at 69.

## III. DISCUSSION

The Debtor seeks to nullify the Bankruptcy Court's ruling that it did not have proper jurisdiction to hear this case. The Bankruptcy Court held that the $1.25 million dollar judgment caused the Debtor to exceed the $269,250 maximum amount of noncontingent liquidated unsecured debts permitted by § 109(e) of the Bankruptcy Code. The Debtor appeals on the grounds that the default judgment should not have been included in the section 109(e) maximum because the State Court ruling was unfairly decided since it was determined without the full participation of the Debtor. Alternatively, the debtor argues that

the judgment was not liquidated and, therefore, should not have been included in the calculation of the § 109(e) cumulative noncontingent liquidated unsecured debts.

Because this Court finds that neither of the Debtor's arguments have merit, the decision of the Bankruptcy Court is affirmed.

### A.

■ The first issue before this Court is the binding effect of the State Court judgment on the Bankruptcy Court. The Debtor argues that the Bankruptcy Court erred in giving full faith and credit to the State Court default judgment because he was not given a fair opportunity to participate in the underlying proceedings.

■ When a federal court re-examines an issue that has already been determined in the State Courts, tension may develop. To avoid this imminent conflict, Congress passed the "Full Faith and Credit Act." 28 U.S.C.A. § 1738 (1999). *See Americana of Puerto Rico, Inc. v. Kaplus*, 368 F.2d 431, *cert. denied*, 386 U.S. 943, 87 S.Ct. 977, 17 L.Ed.2d 874 (1967). The "Full Faith and Credit Act" requires the federal courts to give a prior State Court judgment the same preclusive effect that it would be given in subsequent proceedings in the same state. *See Migra v. Warren City School District Bd. Of Ed.*, 465 U.S. 75, 84–86, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Allen v. McCurry*, 449 U.S. 90, 94–97, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Morris v. Jones*, 329 U.S. 545, 551, 67 S.Ct. 451, 91 L.Ed. 488 (1947); *Gregory v. Chehi*, 843 F.2d 111, 116 (3rd Cir.1988).

■ In New Jersey, a default judgment is a final judgment that bars further litigation of the issue. *See In re Crispino*, 160 B.R. 749, 755 (Bankr.D.N.J.1993); *Evangel Baptist Church v. Chambers*, 96 N.J.Super. 367, 233 A.2d 82 (Ch.Div.1967) (ruling that a default judgment has same binding effect on future land interests as a judgment entered in a contested matter). The Bankruptcy Court does not have the power to vacate a State Court default judgment. *See Raymark Ind., Inc. v. Lai*, 973 F.2d 1125, 1132 (3d Cir.1992); *In re James*, 940 F.2d 46, 53 (3d Cir.1991); *In re Crispino*, 160 B.R. 749, 756 (Bankr.D.N.J.1993). The Debtor should move to vacate the judgment in the New Jersey Superior Court.[1] *See In re Crispino*, 160 B.R. at 757 (ruling that a debtor with a valid challenge to a State Court judgment should move to vacate the judgment in the State Court). Until and unless the default judgment is vacated, it is final and valid in the eyes of the federal courts.

■ The debtor appears to argue that the Bankruptcy Court should not include the State Court default judgment in its section 109(e) computation because the State Court judgment was in error. However, the federal court system, including the Bankruptcy Court, is not the appropriate forum in which such an appeal should be made. The Bankruptcy Court is not a court of appeals for the State Courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *In re DuFrayne*, 194 B.R. 354, 368 (Bankr. E.D.Pa.1996). State Court judgments are appropriately appealed to higher State

---

1. N.J. Court Rules 4:43–3 and 4:50–1 provide for a default judgment to be set aside for any of the following reasons:

   a) mistake, inadvertence, surprise, or excusable neglect;
   b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under Rule 4:49;

   c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
   d) the judgment or order is void;
   e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or
   f) any other reason justifying relief form the operation of the judgment or order.

Courts and will only reach a federal court when a final appeal is taken to the United States Supreme Court. *See In re Green,* No. CIV.A. 98–35663DWS, 1999. WL 138905, at *5 (Bankr.E.D.Pa. Mar. 5, 1999).

The Bankruptcy Court is a court of equity and is duty bound to uphold the notions of justice and fair play. *See Pennsylvania Dep't of Envtl. Resources v. Tri-State Clinical Lab.,* 178 F.3d 685 (3rd Cir. 1999). A bankruptcy court may not reexamine the issues determined by the judgment itself. *See Heiser v. Woodruff,* 327 U.S. 726, 736, 66 S.Ct. 853, 90 L.Ed. 970 (1946). A bankruptcy court can invalidate a judgment by a State Court only for: 1) a lack of in personam or subject matter jurisdiction, or 2) if the judgment was procured by fraud. *See id.; Pepper v. Litton,* 308 U.S. 295, 306, 60 S.Ct. 238, 84 L.Ed. 281 (1939). The presence of either of these conditions would allow the Bankruptcy Court to invalidate the State Court judgment.

The Debtor does not contend that the State Court lacked either in personam or subject matter jurisdiction. Nor does he argue that the judgment was procured by fraud. Instead, he claims that the default judgment is not on the merits because it was issued in response to the exercise of his Fifth Amendment rights. As such, he claims that it is not binding on the Bankruptcy Court.

The Debtor is incorrect. The binding effect of a default judgment on the Bankruptcy Court is not compromised by the Debtor's use of the Fifth Amendment in the State Court proceeding. The appropriate forum for the Debtor to make his Fifth Amendment argument is in the State Court and not the Federal Court system. Accordingly, the Bankruptcy Court properly ruled that it did not have the jurisdiction to invalidate the State Court decision.

## B.

As the State Court judgment awarding damages of $1.25 million against the Debtor was binding on the Bankruptcy Court, it must be determined whether the judgment was appropriately applied to § 109(e) of the Bankruptcy Code. Since this Court finds that the Bankruptcy Court correctly ruled that the judgment was a noncontingent liquidated unsecured debt, the decision to dismiss the Chapter 13 proceeding is affirmed.

Section 109(e) of the Bankruptcy Code defines the eligibility of an individual for Chapter 13 relief. The relevant section of the statute reads:

"Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $269,250 and noncontingent, liquidated, secured debts of less than $807,750 may be a debtor under Chapter 13 of this title."

11 U.S.C.A. § 109(e) (1999).

Section 109(e) establishes a $269,250 limit for unsecured debts. The parties do not dispute that the judgment is unsecured. Accordingly, it is necessary to determine if the judgment is properly classified as a debt and, if so, if the debt is noncontingent and liquidated.

A debt is defined as a "liability on a claim." 11 U.S.C. § 101(12) (1999). A claim is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured...." 11 U.S.C. § 101(5)(a) (1999). Since Congress intended a claim to be defined broadly, any judgment that is final, disputed or not, is included in this broad definition. *See Johnson v. Home State Bank,* 501 U.S. 78, 83, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991); *Pennsylvania Dep't of Public Welfare v. Davenport,* 495 U.S. 552, 558, 563–64, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990); *In re Remington Rand Corp.,* 836 F.2d 825, 829 (3d Cir. 1988); *In re Elsub Corp.,* 66 B.R. 172, 176 (Bankr.D.N.J.1986). Under the Bankruptcy Code, "[t]he terms 'debt' and 'claim' are coextensive." *In re Quintana,* 107 B.R. 234, 237–38 (9th Cir. BAP 1989), *aff'd,* 915 F.2d 513 (9th Cir.1990). Since the appel-

lees have a right to payment which originates from a judgment, the $1.25 million award is a debt within the definition of the Bankruptcy Code.

The inquiry now turns on whether the default judgment is noncontingent and liquidated. The judgment awarded against the Debtor is noncontingent. "It is generally settled that 'if all events giving rise to liability occurred prior to the filing of the bankruptcy petition,' the claim is not contingent." *In re Keenan*, 201 B.R. 263, 264–65 (Bankr.S.D.Cal. 1996) (quoting *In re Nicholes*, 184 B.R. 82, 88 (9th Cir. BAP 1995)). *See In re Mazzeo*, 131 F.3d 295, 303 (2d Cir.1997); *In re Albano*, 55 B.R. 363, 366 (N.D.Ill.1985). The events that led to the State Court proceeding occurred prior to the September 1, 1998, filing of this Chapter 13 petition. Moreover, the State Court proceeding was concluded prior to the same date. Therefore, the Debtor's claim is noncontingent.

The debtor agrees that the debt, if valid, is noncontingent. However, the Debtor argues that because the judgment is disputed the claim is unliquidated. To support this conclusion he relies on *In re Lambert*. In *Lambert*, the Court defined a "liquidated" debt as "one whose dollar amount 1) is determined, fixed, settled, adjusted, and made certain mathematically and with precision, 2) is agreed upon, or 3) is fixed by operation of law." *In re Lambert*, 43 B.R. 913, 921 (Bankr.D.Utah 1984) (quoting *In re King*, 9 B.R. 376 (Bankr. D.Or.1981)). Using this definition, the *Lambert* Court concluded that the amount and liability of a liquidated debt is certain. *See Lambert*, 43 B.R. at 921.

The Debtor argues that *Lambert* stands for the proposition that a debt cannot be certain if there is a dispute as to the amount of the debt or liability of the debtor:

> If there arises a dispute as to the amount of the debt, the debt is also "unliquidated," but only to the extent it is disputed. That is, that portion of the debt which the debtor and the creditor agree is owing is "liquidated," but that portion which they dispute is "unliquidated" because it cannot be fixed, settled, adjusted and made certain mathematically and with precision.

*Id.* at 921 (quoting *In re King*, 9 B.R. 376, 378–79 (Bankr.D.Or.1981)). Using this definition, the Debtor claims that since there is a dispute regarding the judgment, the debt is unliquidated.

This Court finds that *Lambert* does not support the Debtor's contention. *Lambert* recognized that a debt will be liquidated if the amount is "fixed by operation of law." *Id.* at 921. Appellant's debt is the result of a default judgment entered by the State Court. A default judgment fixes a debt by "operation of law," and, under *Lambert*, is included in the section 109(e) calculation as a noncontingent, unsecured and liquidated debt.

## IV. CONCLUSION

For the reasons stated above, this Court affirms the decision of the Bankruptcy Court to dismiss the debtor's chapter 13 petition. An appropriate order will be issued on an even date herewith.